■ In the Matter of the Arbitration between CAUDILL, ROWLETT, SCOTT, Appellant, and BOARD OF EDUCATION, UNION FREE SCHOOL, DISTRICT NUMBER 3, TOWNS OF NORTH HEMPSTEAD AND OYSTER BAY, Respondent.— Judgment, Supreme Court, New York County, entered March 5, 1974 denying petitioner's application to stay arbitration unanimously reversed, on the law, without costs or disbursements, and the matter remanded for a hearing on the issue of Statute of Limitations. While pursuant to New York law the court must decide whether claims sought to be arbitrated are barred by limitations of time (Matter of Schlaifer v. Kaiser, 46 A D 2d 850; Matter of Andresen & Co. v. Shepard, 45 A D 2d 578), where the matter is subject to the provisions of the Federal Arbitration Act (U. S. Code, tit. 9, § 1 et seq.), that issue is left to the arbitrators. (Matter of Rederi [Dow Chem. Co.], 25 N Y 2d 576; Reconstruction Finance Corp. v. Harrisons & Crosfield, Ltd., 204 F. 2d 366.) However, from this record it cannot be determined whether the contract was one " evidencing a transaction involving [interstate] commerce " (U. S. Code, tit. 9, § 2) and accordingly, whether Federal or State law is applicable. The matter must therefore be remanded to determine whether the plans themselves were items in interstate commerce and if not, to further develop the facts with relation to the extent of materials ordered in interstate commerce and whether those materials were necessarily procured outside the State pursuant to the architects' plans. (See Laudadio v. White Constr. Co., 163 F. 2d 383.) If it is found that the Federal Arbitration Act is not applicable, and accordingly, that the court must determine whether the claim is barred by the Statute of Limitations, the hearing should also encompass the question of when the cause of action arose. While we agree with Special Term that the three-year statute is applicable (Siegel v. Kranis, 29 A D 2d 477), it cannot now be determined whether the cause of action arose in

December of 1968 when the plans were accepted and approved or whether the Statute of Limitations did not start running until subsequent to that date as a result of change orders and petitioner's activities with relation to the supervision of the project. Concur—Kupferman, J. P., Murphy, Lupiano and Tilzer, JJ.