OPINION OF THE COURT
Bentley Kassal, J.
This is an application by petitioner for an order, pursuant to CPLR 7502 (subd [b]), staying arbitration of claims arising out of contracts, dating from September 15, 1975 to September 16, 1976, on the ground that such claims are barred by a contractual limitation of time and that those claims may not be presented by the respondent in the pending arbitration as a claim or offset.
Initially the following undisputed facts should be noted:
*813 Petitioner is a manufacturer of carpet yarn having its principal offices in Atlanta, Georgia, and plants in Georgia, Alabama and South Carolina. Respondent is a manufacturer of carpeting having its principal offices in Little Falls, New Jersey. All of the yarn which is the subject of the contracts in dispute was to be shipped from petitioner’s plants in Gerogia, Alabama and South Carolina to respondent in New Jersey.
Accordingly, it is clear that the entire transactions as contemplated were to be in interstate commerce. (In fact, but for the clause in the contract consenting to the jurisdiction of this court, it would appear that no basis for jurisdiction exists.)
All of the contracts between the parties provide as follows: "(17) ARBITRATION: Any controversy arising out of or relating to this contract shall be settled by arbitration in the City of New York pursuant to the Rules then obtaining of the American Arbitration Association or the General Arbitration Council of the Textile Industry, whichever shall be first selected by the party instituting said arbitration. * * * The parties consent to the application to the New York or Federal Arbitration Statutes and to the jurisdiction of the Supreme Court of New York or the United States District Court for the Southern District of New York for all purposes in connection with this agreement to arbitrate(Emphasis supplied.)
In addition, paragraph 16 of each contract provides: "16. LIMITATION OF RIGHT TO ARBITRATE OR CONSOLIDATE: Any claim by buyer of any kind, nature or description is barred and waived unless buyer institutes arbitration proceedings within (1) year after yarn was delivered or contracted to have been delivered. The failure to institute arbitration proceedings within this period shall constitute an absolute bar to the institution of any arbitration or other proceedings by buyer and a waiver of all claims on buyer’s part.”
Petitioner served a "Notice of Intention to Arbitrate and Demand for Arbitration” on the respondent, pursuant to CPLR article 75, to arbitrate its disputes under the said contracts. Respondent’s counsel by letter, dated February 9, 1978, to the American Arbitration Association (AAA) sought to include (as part of the pending arbitration) additional contracts dating from September 15, 1975 to September 16, 1976.
Petitioner contends that paragraph 16 of the contracts bars the respondent from seeking arbitration of claims arising out *814 of the contracts dating from September 15, 1975 to September 16, 1976, since they are more than one year from February 9, 1978, when arbitration of the claims was first sought.
Respondent contends that since the alleged controversy arises out of transactions in interstate commerce, the arbitration agreement is governed by the Federal Arbitration Act (FAA) and, therefore, whether the claims sought to be arbitrated are barred by limitations of time is for the arbitrators to decide. (US Code, tit 9, § 2.)
Under New York law, CPLR 7502 (subd [b]) expressly provides that a party may assert a limitation of time as a bar to arbitration if "the claim sought to be arbitrated would have been barred by limitation of time had it been asserted in a court of the state.”
The precise question presented is whether the FAA is required to be applied to this contract either because the FAA is Federal substantive law, or because choice of law principles so dictate.
In Matter of Rederi (25 NY2d 576) the Court of Appeals addressed itself to these issues and held that both choice of law principles (Erie R. R. Co. v Tompkins, 304 US 64; Hanna v Plumer, 380 US 460) and the supremacy clause (US Const, art VI) require that the FAA be applied by the State court in a case involving a maritime contract.
The court (Matter of Rederi, 25 NY2d 576, 580, supra) determined that Erie (supra) principles require that arbitrators determine the issue of time limitations because "to hold otherwise would (1) permit, indeed encourage, forum shopping; (2) prevent and undermine the need for nationwide uniformity in the interpretation and application of arbitration clauses in foreign and interstate transactions; and (3) permit individuals to circumvent the national law relating to arbitration agreements as called for by the F.A.A.”
The Court of Appeals relied upon Prima Paint Corp. v Flood & Conklin Mfg. Co. (388 US 395 [1967]) to support the proposition that the FAA was Federal substantive law, involving maritime and interstate commerce, mandating its application in State courts by virtue of the supremacy clause. In Prima Paint (supra, p 405) which involved arbitration of a contract dispute concerning interstate commerce, the court stated: "[T]he question is whether Congress may prescribe how federal courts are to conduct themselves with respect to subject matter over which Congress plainly has the power to legislate. *815 The answer to that can only be in the affirmative. And it is clear beyond dispute that the federal arbitration statute is based upon and confined to the incontestable federal foundations of 'control over interstate commerce and admiralty.’ ”
Prima Paint (supra) makes it clear that in an action brought in Federal courts, which involves arbitration provisions in maritime or interstate transactions, the FAA overrules inconsistent provisions of arbitration acts of the States. In Matter of Rederi (25 NY2d 576, supra) our Court of Appeals held that the rule enunciated by Prima Paint (supra) applies equally to actions involving maritime transactions brought in our State courts. That the Rederi reasoning is likewise applicable to contracts involving interstate commerce is illustrated in Matter of Caudill (47 AD2d 610) wherein the court held that if the contract was one evidencing a transaction involving interstate commerce then the FAA was to apply.
As stated by Dean Joseph M. McLaughlin in New York Practice: Arbitration, State v. Federal Arbitration (22 Syr L. 94): "the New York Court of Appeals [in Rederi, supra] has ruled that in [a case where the question of whose statute will govern the same controversy if an application is made in the New York Supreme Court], New York will (and most probably must) apply the federal arbitration statute. The difference is important because under the New York arbitration statute, the question whether the arbitration is timely is determined in the courts [CPLR 7502, subd (b)], whereas under the federal statute, that question is left to the arbitrators. [9 USC §§ 2, 4.]”
Since the contracts in dispute involve interstate commerce, the court finds that the FAA applies. The issue of the applicability of the limitation of time is an issue for the arbitrators, in the first instance, to resolve and, therefore, petitioner’s application is denied and the petition is dismissed.
Settle judgment.