514

■ In the Matter of the Arbitration between BLACK & POLA, Respondent, and MANES ORGANIZATION, INC., Appellant.—Resettled order, Supreme Court, New York County, entered September 18, 1979, granting the petition to stay arbitration pending determination of a preliminary trial on the issue of, *inter alia,* whether an agreement to arbitrate existed at the time the dispute between the parties arose, and whether the parties abandoned the concept of arbitration, unanimously reversed, on the law, with costs and disbursements, and the petition dismissed. Appeal from order, Supreme Court, New York County, entered June 15, 1979, unanimously dismissed as academic, without costs or disbursements. The existence of a valid arbitration agreement, as part of a sales agency agreement into which the parties entered on July 28, 1976, was conceded. The arbitration clause was broad and provided for arbitration of all disputes. Petitioner contends that the original contract was canceled and replaced by a series of new and different oral agreements, culminating in a written agreement dated September 5, 1978. As Special Term correctly pointed out, the relationship between the parties involved interstate commerce and, thus, the application to stay arbitration must be exclusively determined in accordance with Federal substantive law, pursuant to the Federal Arbitration Act (US Code, tit 9, § 1 *et seq.).* (See *Matter of Rederi [Dow Chem. Co.],* 25 NY2d 576.) It was error, however, to stay arbitration and direct a trial on the issue of abandonment, since there was no issue as to the making of the arbitration agreement. Once the agreement to arbitrate is established, as here, the question of termination and abandonment of the contract is exclusively for the arbitrators. *(Prima Paint Corp. v Flood & Conklin,* 388 US 395; *Matter of Weinrott [Carp],* 32 NY2d 190.) To the extent that *General Guar. Ins. Co. v New Orleans Gen. Agency* (427 F2d 924), upon which Special Term relied, indicates to the contrary, it is not controlling. Even if New York substantive law were to apply, the result would be the same. *(Matter of Exercycle Corp. [Maratta],* 9 NY2d 329.) Concur—Sandler, J. P., Sullivan, Bloom, Lane and Silverman, JJ.