In the Matter of the Arbitration between CONE MILLS CORPORATION, Respondent, and AUGUST F. NIELSEN Co., INC., Appellant.

In the Matter of the Arbitration between M. LOWENSTEIN CORPORATION, Respondent, and AUGUST F. NIELSEN Co., INC., Appellant.

First Department, November 9, 1982

APPEARANCES OF COUNSEL

*Louis Nizer* of counsel (*Phillips, Nizer, Benjamin, Krim, & Ballon,* attorneys), for appellant.

*Bernard A. Helfat* of counsel (*Helfat & Helfat,* attorneys), for Cone Mills Corporation, respondent.

*Alan C. Drewsen* of counsel (*Breed, Abbott & Morgan,* attorneys), for M. Lowenstein Corporation, respondent.

OPINION OF THE COURT

KUPFERMAN, J. P.

In these related cases, appellant, a clothing manufacturer, seeks to compel arbitration under the Federal Arbitration Act (US Code, tit 9, § 1 *et seq.*) of its breach of

warranty claims against respondents, two separate suppliers of piece goods.

The goods purchased by appellant were bulk shipments of a polyester fabric treated with a chemical flame-retardant commonly known as "Tris". Appellant manufactured children's sleepwear from these textiles, which respondents shipped from their respective mills in North Carolina to appellant's plant in Pennsylvania. Each of the sales contracts contained a very broad arbitration clause appearing on the seller's standard form in which the parties agreed to arbitrate "any controversy arising under, or in relation to this contract".

On April 8, 1977, after all deliveries under the subject contracts were complete, the Consumer Product Safety Commission banned the sale of children's sleepwear treated with "Tris", "Tris" being a suspected carcinogen under the Federal Hazardous Substances Act. (US Code, tit 15, § 1261 *et seq.*) Though the ban was subsequently declared invalid on procedural due process grounds (*Spring Mills v Consumer Prod. Safety Comm.*, 434 F Supp 416), the commission reiterated its policy (42 Fed Reg 61593, 61621 [Dec. 6, 1977]), to challenge the safety of "Tris" treated sleepwear so that appellant's inventory remains unsaleable.

Due to the clear presence in these transactions of interstate commerce (*Lawson Fabrics v Akzona, Inc.*, 355 F Supp 1146, 1148), the Federal Arbitration Act governs this arbitration. (*Matter of Black & Pola [Manes Organization]*, 72 AD2d 514, affd for reasons stated at App Div 50 NY2d 821.) Inasmuch as no reasonable basis exists for a New York court to apply State law to stay this arbitration (see *Matter of Rederi [Dow Chem. Co.]*, 25 NY2d 576, 585, cert den 398 US 939), Federal law controls the issues of allocation of functions between court and arbitrator (*Matter of Black & Pola [Manes Organization]*, *supra*) and the scope of the arbitration clause. (*Stern & Co. v Mitsui Bussan Kaisha, Ltd.*, 385 F2d 158, 159, n 1.)

The contractual stipulation that New York law govern the arbitration does not displace the Federal Arbitration Act. (See *Commonwealth Edison Co. v Gulf Oil Corp.*, 541

F2d 1263, 1269.) Thus, a New York court, applying the Federal Arbitration Act, limits its inquiry to whether there is a valid agreement to arbitrate the particular dispute. All other questions including timeliness of the claims under the applicable Statute of Limitations (an issue raised here), are for the arbitrator. (*Matter of Caudill, Rowlett, Scott [Board of Educ.]*, 47 AD2d 610.)

Despite the expansive wording of the arbitration clause, separate judgments and decisions at Special Term held that appellant's claims were not the kind of controversy contemplated by the commercial arbitration clause and permanently stayed arbitration. Appellant's claims sound in warranty which is an issue of conformity of the goods to the contract. Had there been no contract there would now be no dispute to arbitrate. Thus the dispute arises under the contract within the contemplation of the arbitration clause. Under Federal law, when parties agree to arbitrate any dispute arising under the contract, it matters not whether the dispute was foreseeable at the time of making the contract. (See *Hilti, Inc. v Oldach,* 392 F2d 368, 373.)

Respondents' contentions that considerations of public policy preclude submission of this dispute to private arbitration are unavailing. The arbitrator will not be deciding whether "Tris" is a hazardous substance within the meaning of the Federal Hazardous Substances Act but rather the issue of the toxicity of "Tris" will be considered only in reference to any warranties of safety, fitness and merchantability contained in the contracts. Respondents M. Lowenstein, and Cone Mills, respectively, described their fabric as "poly safe" and "safety plus". Whether such descriptions constitute express warranties, as well as the issue of the sufficiency of the purported disclaimers of implied warranties, are contractual issues peculiarly within the competence of arbitrators to decide. Under Federal law, if a claim is colorable on its face, it must be submitted to arbitration even if there is a high probability that the party seeking arbitration will lose because of a given contractual provision. (*Farkar Co. [R.A. Hanson Disc, Ltd.]*, 604 F2d 1.)

As counsel for appellant conceded at oral argument, the punitive damages sought in the demand for arbitration

will be unavailable. (*Garrity v Lyle Stuart, Inc.*, 40 NY2d 354.) This court makes no determination (except as to the punitive damage claim) other than that the matter should proceed to arbitration under the Federal Arbitration Act.

The judgments of the Supreme Court, New York County (KIRSCHENBAUM, J.), entered on June 9, 1981 and May 20, 1981, should be reversed, on the law and the facts, each with $50 costs and disbursements of these appeals, the petitions to stay arbitration denied and the parties directed to proceed with arbitration under the Federal Arbitration Act.

SANDLER, SULLIVAN and CARRO, JJ., concur.

Judgments, Supreme Court, New York County, entered on June 9, 1981 and May 20, 1981, respectively, unanimously reversed, on the law and the facts, each with $50 costs and disbursements of these appeals, the petitions to stay arbitration denied and the parties directed to proceed with arbitration under the Federal Arbitration Act.