■ In the Matter of WURTTEMBERGISCHE FEUERVERSICHER-UNG AG., Appellant, v PAN ATLANTIC GROUP, INC., Respondent.—In a proceeding pursuant to CPLR article 75 to stay the arbitration of a contract claim, the appeal is from an order of the Supreme Court, Westchester County (Marbach, J.), entered May 30, 1986, which denied the petitioner's appli-

cation to stay arbitration and granted the respondent's cross motion to compel arbitration.

Ordered that the order is affirmed, with costs.

The respondent's demand for arbitration indicates that the dispute arises out of an underwriting management agreement in effect between the petitioner and the respondent. Thus, the parties clearly intended to submit the dispute to arbitration pursuant to the broad arbitration clause of their agreement (see, *AT&T Technologies v Communications Workers,* 475 US 643, 648-649). Because the transactions between the parties involve interstate commerce, the Federal Arbitration Act applies (9 USC § 1 *et seq.; see, Matter of Cone Mills Corp. [Nielsen Co.],* 90 AD2d 31). Under the act, the existence of a pending Federal action involving legal and factual issues related to those in the instant dispute does not warrant a stay of arbitration because the policy in favor of the rigorous enforcement of agreements to arbitrate is paramount to the consideration of the potential harm of piecemeal litigation (see, *Dean Witter Reynolds Inc. v Byrd,* 470 US 213, 221; *GAF Corp. v Werner,* 66 NY2d 97, 102, *cert denied* 475 US 1083). Weinstein, J. P., Eiber, Spatt and Sullivan, JJ., concur.