■ Nova Casualty et al., Respondents, v Harleysville Worchester Insurance Company, Appellant, et al., Defendant. [50 NYS3d 1]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered October 23, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment declaring that defendant Harleysville Worchester Insurance Company owes plaintiff Dart Mechanical Corp. a primary duty to defend and indemnify it in the underlying personal injury action, and so declared, and denied said defendant's cross motion for summary judgment declaring in its favor, unanimously affirmed, with costs.

Harleysville argues that it has no obligation to defend or indemnify plaintiff Dart Mechanical Corp. in the underlying action, because Dart's contract with Harleysville's named insured, plaintiff Coastal Sheet Metal Corp., did not require Coastal to obtain insurance naming Dart as an additional insured. Harleysville bases this argument on the fact that paragraph 20.1 (C) of the subcontract leaves the coverage limits blank. It contends that the entire provision was rendered inoperative and therefore that Coastal was required only to obtain coverage in accordance with the requirements imposed on Dart in the prime contract with the City, which did not contain language requiring Dart to be added as an additional insured. We reject this interpretation, because it renders a portion of the contract meaningless and fails to read all contractual clauses together contextually (see Diamond Castle Partners IV PRC, L.P. v IAC/InterActiveCorp, 82 AD3d 421, 422 [1st Dept 2011]).

Harleysville's interpretation would render meaningless the phrase "whichever limits are greater" in the introductory section of paragraph 20.1 requiring Coastal to procure either insurance for Dart that was comparable to the insurance Dart was required to procure under the prime contract or the insurance set forth thereinafter; it would also render meaningless the final sentence in subparagraph C, "DART MUST BE INCLUDED AS AN ADDITIONAL INSURED ON A PRIMARY

BASIS." Reading contextually, it is evident that since the prime contract's limits of $5 million per occurrence and $5 million in the aggregate were greater than the $1 million per occurrence and $2 million in the aggregate set forth in paragraph 20.9.1 of the subcontract, Coastal was required to obtain coverage with $5 million liability limits, naming Dart as an additional insured on its insurance policy.

The complaint in the underlying action alleges that the injured plaintiff was working at the construction site "when an unsecured and/or inadequately secured duct fell causing [him] to be injured." Although the complaint alleges that the defendants, which included Coastal, were negligent, negligence is not required to trigger coverage for Dart as an additional insured. Harleysville is obligated to provide a defense and indemnity for Dart, even if Coastal is ultimately found to have no liability in the underlying action (*see National Union Fire Ins. Co. of Pittsburgh, PA v Greenwich Ins. Co.*, 103 AD3d 473 [1st Dept 2013]; *Strauss Painting, Inc. v Mt. Hawley Ins. Co.*, 105 AD3d 512 [1st Dept 2013], *mod on other grounds* 24 NY3d 578 [2014]). Concur—Saxe, J.P., Moskowitz, Gische, Kahn and Gesmer, JJ.