Chelsea Piers L.P. v Colony Ins. Co. (2019 NY Slip Op 07377)





Chelsea Piers L.P. v Colony Ins. Co.


2019 NY Slip Op 07377


Decided on October 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 15, 2019

Friedman, J.P., Tom, Webber, Gesmer, Oing, JJ.


9978 150402/17

[*1]Chelsea Piers L.P., et al., Plaintiffs-Respondents,
v
Colony Insurance Company, et al., Defendants-Appellants, EPS Iron Works, Inc., Defendant.


Melito & Adolfsen, P.C., New York (Michael F. Panayotou of counsel), for Colony Insurance Company, appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Craig Rokuson of counsel), for Endurance America Specialty Insurance Company, appellant.
Monteiro & Fishman LLP, Hempstead (Michael Fishman of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered December 4, 2018, which to the extent appealed from as limited by the briefs, denied defendant Colony's motion for summary judgment, denied defendant Endurance's motion to the extent it sought a declaration that it is not obligated to indemnify in the underlying action, and granted the motion of plaintiffs, Chelsea Piers L.P. and Chelsea Piers Management Inc. (collectively, Chelsea), for summary judgment to the extent they sought a declaration that Colony is obligated to provide a defense in the underlying action and to reimburse Chelsea for past defense costs, unanimously affirmed, with costs.
The language of the purchase order between EPS, the defendant in the underlying action, and Chelsea made explicit reference to Chelsea and required EPS to add Chelsea as an additional insured on its respective policies by virtue of language stating that contractor EPS's "general liability insurance shall apply on a primary and non-contributing basis with respect to all protection provided to Chelsea Piers thereunder" (see Christ the King Regional High School v Zurich Ins. Co. of N. Am., 91 AD3d 806, 807 [2d Dept 2012]; cf. M & M Realty of N.Y., LLC v Burlington Ins. Co., 170 AD3d 407, 407 [1st Dept 2019]; Clavin v CAP Equip. Leasing Corp., 156 AD3d 404, 405 [1st Dept 2017]; Trapani v 10 Arial Way Assoc., 301 AD2d 644, 647 [2d Dept 2003]). To find otherwise "renders a portion of the contract meaningless and fails to read all contractual clauses together contextually" (Nova Cas. v Harleysville Worchester Ins. Co., 146 AD3d 428, 428 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 15, 2019
CLERK