Matter of Bergassi Group LLC v Allied World Ins. Co. (2021 NY Slip Op 02265)





Matter of Bergassi Group LLC v Allied World Ins. Co.


2021 NY Slip Op 02265


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Kapnick, J.P., Kern, Singh, Scarpulla, JJ. 


Index No. 655704/19 Appeal No. 13569 Case No. 2020-01264 

[*1]In the Matter of Bergassi Group LLC, Petitioner-Respondent,
v
Allied World Insurance Company, Respondent-Appellant.


Kennedys CMK LLP, New York (Michael J. Tricarico of counsel), for appellant.
Gallo, Vitucci & Klar LLP, New York (Taranae J. Hashemi of counsel), for respondent.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered January 15, 2020, which granted petitioner Bergassi Group LLC's (Bergassi) petition to permanently stay arbitration, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.
Where "a contract containing an arbitration provision 'affects' interstate commerce, disputes arising thereunder are subject to the FAA" (Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp., 4 NY3d 247, 252 [2005]). The surety agency agreement here between corporations from different states gave rise to a finding of interstate commerce and was subject to the FAA (Chartis Seguros Mexico, S.A. de C.V. v HLI Rail & Rigging, LLC, 967 F Supp 2d 756, 762 [SD NY 2013]). Although "a New York court, applying the Federal Arbitration Act, limits its inquiry to whether there is a valid agreement to arbitrate the particular dispute" and all other questions are for the arbitrator (Matter of Cone Mills Corp. [Nielsen Co.], 90 AD2d 31, 33 [1st Dept 1982]), the parties can agree to arbitrate gateway issues of arbitrability (Matter of Monarch Consulting, Inc. v National Union Fire Ins. Co. of Pittsburgh, PA, 26 NY3d 659, 676 [2016]).
Applying principles of New York state contract law, based on the choice of law provision governing the surety agency agreement (First Options of Chicago, Inc. v Kaplan, 514 US 938, 944 [1995]), and reading the contractual clauses together in context (Nova Cas. v Harleysville Worchester Ins. Co., 146 AD3d 428, 428 [1st Dept 2017]), the provision that "[i]f a dispute or disagreement arises in connection with this Agreement, including a dispute or disagreement as to its formation or validity, such dispute or disagreement shall be submitted to arbitration," refers any disputes over the validity or formation of the arbitration provision in question to arbitration. Accordingly, the matter here should proceed to arbitration. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021