■ In the Matter of POLICEMEN'S BENEVOLENT ASSOCIATION OF THE VILLAGE OF SPRING VALLEY et al., Appellants, v JOEL E. ROSENTHAL et al., Respondents. [616 NYS2d 53] —In a proceeding pursuant to CPLR article 75 to compel arbitration, the petitioners appeal from (1) an order of the Supreme Court, Rockland County (Lefkowitz, J.), dated February 3, 1992, which, inter alia, denied their motion to enjoin a disciplinary hearing pursuant to Civil Service Law § 75 (2), and (2) an order of the same court dated June 9, 1992, which granted the motion of the Village of Spring Valley to permanently stay arbitration and denied their cross motion to compel arbitration.

Ordered that the appeal from so much of the order dated February 3, 1992, as denied the petitioners' motion for an injunction is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated June 9, 1992, is reversed, on the law, without costs or disbursements, the motion is denied, the cross motion is granted, and the parties are directed to proceed to arbitration.

The respondents contend that they are entitled to a stay of arbitration because the petitioners failed to demand arbitration within the contractual time limitations of the collective bargaining agreement. It is well settled that questions of compliance with step-by-step grievance procedures in a collective bargaining agreement, prior to formal and final binding arbitration, are questions of procedural arbitrability to be resolved by the arbitrator (see, Matter of Enlarged City School Dist. [Troy Teachers Assn.], 69 NY2d 905, 907; Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 8-9;

*Matter of Triborough Bridge & Tunnel Auth. [District Council 37]*, 44 NY2d 967). In the absence of a very narrow arbitration clause, or an express provision, making compliance with contractual time provisions a condition precedent to arbitration, such time limitations, especially those relating to a step-by-step grievance procedure, are matters of procedural arbitrability for the arbitrator *(see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308; *Matter of Raisler Corp. [New York City Hous. Auth.]*, 32 NY2d 274). Whether petitioner Settle timely elected to proceed to arbitration with respect to the disciplinary action commenced against him pursuant to section 18 of the collective bargaining agreement or whether he waived his right to submit a grievance and proceed to arbitration with respect to his claim of entitlement to sick leave benefits pursuant to section 11 of the collective bargaining agreement are issues to be decided by the arbitrator.

In light of our determination that the parties must proceed to arbitration we need not address the petitioners' remaining contentions. Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.