■ In the Matter of NATIONAL AMUSEMENTS, INC., Appellant. LOCAL 640—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, Respondent. [620 NYS2d 11]—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 7, 1993, which denied the application.

Ordered that the order is affirmed, with costs.

Questions of compliance with step-by-step grievance procedures in a collective bargaining agreement, prior to formal and final binding arbitration, are questions of procedural arbitrability to be resolved by the arbitrator *(see, Matter of Enlarged City School Dist. [Troy Teachers Assn.],* 69 NY2d 905, 907; *Matter of Policemen's Benevolent Assn. v Rosenthal,* 207 AD2d 492). Specifically, the issue of whether a party has complied with the time provisions relating to a step-by-step grievance procedure are for the arbitrator in the absence of a very narrow arbitration clause or an express provision making compliance with such time constraints a condition precedent to arbitration *(see, Matter of Enlarged City School Dist. [Troy Teachers Assn.], supra; Matter of Policemen's Benevolent Assn. v Rosenthal, supra).* Contrary to the petitioner's contention, this rule has no application herein because the parties failed to make compliance with the time constraints contained in their collective bargaining agreement a condition precedent to arbitration "by explicit provision of their agreement" *(Matter of County of Rockland [Primiano Constr. Corp.],* 51 NY2d 1, 9). Accordingly, the Supreme Court properly denied the application to permanently stay arbitration pursuant to CPLR 7503 (b). Bracken, J. P., Copertino, Pizzuto and Hart, JJ., concur.