■ In the Matter of DAVID GOLDSTEIN, Appellant, v TOBY GOLDSTEIN, Respondent. (Proceeding No. 1.) In the Matter of DAVID GOLDSTEIN, Appellant, v TOBY GOLDSTEIN, Respondent. (Proceeding No. 2.) [625 NYS2d 252] —In two consolidated proceedings pursuant to CPLR 5206 (c) to direct the sale of real property to satisfy a money judgment (Proceeding No. 1) and pursuant to CPLR 7503 (c) to permanently stay arbitration (Proceeding No. 2), the petitioner appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.) dated October 1, 1992, which, inter alia, denied the petition and dismissed the proceeding in Proceeding No. 1 and granted the respondent's motion in Proceeding No. 2 to compel arbitration, in effect, denying the petition and dismissing the proceeding.

Ordered that the judgment is affirmed, with costs.

On March 16, 1988, the parties entered into an agreement pursuant to which the appellant was obligated to pay $650 on the 15th of each month for the support of the parties' three children. The parties agreed to "split evenly" certain other expenses. The agreement also provided that "at the end of two and a half years from the signing of this agreement [the respondent] mother [was] to pay [the appellant] eighty-nine-thousand-dollars minus all outstanding payments incurred by him * * * and minus the money she ha[d] advanced to him for the utilities and orthodonture bills".

Section I, paragraph 2 of the parties agreement stated, "any disagreement among the parents shall be arbitrated by each parent choosing a Rav [Rabbi], and if necessary, the two Rabbis will choose a third". According to the agreement, "the decision of the Rabbis [was to] be final and binding upon the parents". According to Section III, paragraphs 5d and 5e of the agreement, the rabbinical arbitration panel noted above would be competent to resolve disputes relating to the appellant's obligation to pay child support and other expenses.

The respondent agreed to execute a confession of judgment in connection with her obligation to pay $89,000 to the appellant. According to Section III, paragraphs 6 and 6a of the agreement provide as follows:

"the [appellant] agree[d] that he [would] refrain and * * *

not enforce said judgment \* \* \* until the amount of [the respondent's] indebtedness to [the appellant] \* \* \* [was] finally determined, but in no event longer than sixty (60) days from the date such money is due to [the appellant].

"6a: upon final determination by an arbitrator or arbitration panel as set forth in this agreement \* \* \* [the appellant would] be permitted to enforce the judgment".

The agreement was subsequently incorporated by reference into the parties' judgment of divorce.

In February 1991, the appellant commenced Proceeding No. 1, to enforce the confession of judgment by compelling the sale of the marital residence. The respondent moved to vacate the confession of judgment on the ground that the $89,000 she owed the appellant should be offset against money the appellant owed her pursuant to their agreement. Subsequently, the respondent served the appellant with a notice of intention to arbitrate pursuant to the terms of the agreement. The appellant then commenced Proceeding No. 2 to permanently stay the arbitration. The respondent thereafter moved to compel arbitration arguing that "it has been almost three years since we entered into the agreement and [the appellant] has not paid a single penny".

In opposing the respondent's motion to compel arbitration, the appellant cited certain language from Section III, paragraphs 5d and 5e of the parties' agreement in support of his argument that the respondent had waived her right to arbitration by failing to submit the parties' disputes to the arbitrators within a defined period of time. The Supreme Court determined that "to the extent that an issue has been raised regarding the timeliness of the demand to arbitrate, this issue is \* \* \* a question for the arbitrator to decide". We agree.

The respondent's compliance with the procedural guidelines set forth in paragraphs 5d and 5e, and elsewhere in the parties' agreement, does not, in our view, constitute a condition precedent to her right to demand arbitration. The arbitration clause in the present agreement is all encompassing, and there is no provision in Section III, paragraphs 5d or 5e which expressly establishes a procedural condition precedent to the respondent's right to arbitrate (see, Matter of Silverman [Benmor Coats], 61 NY2d 299, 308; Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 8; see also, Matter of Raisler Corp. [New York City Hous. Auth.], 32 NY2d 274; Matter of Dobbs Ferry Union Free School Dist. v Dobbs Ferry United Teachers, 74 AD2d 924, affd 53 NY2d 1040; Matter of Police-

*men's Benevolent Assn. v Rosenthal,* 207 AD2d 492; *J. Castronoro, Inc. v Hillside Dev. Corp.,* 140 AD2d 585; *cf., Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358). The Supreme Court correctly concluded that it was for the arbitrators, rather than for the court, to determine whether or not and to what extent the respondent has waived her right to dispute the appellant's right to recover the full $89,000, in light of his apparent failure to comply with his own financial obligations under the agreement.

We have examined the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Miller and Goldstein, JJ., concur.