■ KIDDER, PEABODY & Co., INC., et al., Respondents, v MILTON WEINER, Appellant. [702 NYS2d 71] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered September 3, 1998, which granted petitioners' application for a permanent stay of the arbitration commenced by respondent, unanimously reversed, on the law, without costs, and the application denied.

Respondent owned and operated his own business for over 35 years. In preparation for his retirement, respondent invested approximately $200,000 in conservative, low-risk annuities which yielded a 7.75% annual return. Early in 1990, Robert Croland, an employee of Kidder, Peabody & Co., convinced respondent to liquidate his annuities to invest in what was represented as conservative, low-risk limited partnerships which would yield a 9% annual return. Respondent thereafter received payments which he believed were comprised of income generated by his investment but in February 1997 he was informed that such payments included both income and a return of principal. In April 1998, respondent commenced an arbitration proceeding against Kidder, Peabody & Co. and Croland alleging that a breach of their fiduciary duty to him had resulted in monetary damages, namely the reduction of the principal sums he had invested. This proceeding was then initiated and the IAS Court granted the petition, holding that the expiration of a six-year Statute of Limitations imposed by the Procedural Rules of the National Association of

Securities Dealers (NASD) presented an issue for judicial resolution and that respondent's claim for arbitration was barred by the passing of the limitation time.

"[T]his State favors and encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties" (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.*, 37 NY2d 91, 95). NASD Procedural Rule 10304 creates a limitation of six years for the type of claim respondent seeks to arbitrate. NASD Procedural Rule 10324 empowers an arbitrator to interpret and determine the applicability of this six-year limitation provision. Timeliness of claims under the NASD Procedural Rules is an issue for the arbitrator to determine where, as here, there was no agreement of the parties to the contrary (*Goldberg v Parker*, 221 AD2d 267). Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Buckley, JJ.