In the Matter of IRENEE MAY et al., Respondents, v DAVID ANSPACH, Appellant. [808 NYS2d 306]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim under a home improvement contract, the appeal is from an order of the Supreme Court, Westchester County (Tolbert, J.), entered January 28, 2005, which granted the homeowners' petition and, in effect, permanently stayed the arbitration.

Ordered that the order is reversed, on the law and as a matter of discretion, the petition is denied, and the proceeding is dismissed.

In November 1998 the petitioners entered into a $764,000 home improvement contract with the appellant contractor for significant renovations to their home in Harrison. Paragraph 10.5 of the parties' contract contained a dispute resolution provision pursuant to which "all claims, disputes or other matters" concerning contract performance would be submitted to the project architects for resolution. Thereafter, pursuant to paragraph 10.8, "[a]ll claims or disputes between the [appellant] and the [petitioners] arising out [of] or relating to the [c]ontract or the breach thereof, shall be decided by arbitration in accordance with the [c]onstruction industry [a]rbitration [r]ules of the American Arbitration Association." Paragraph 10.8 required the aggrieved party to submit its arbitration demand "within a reasonable time after the dispute has arisen."

Allegedly, in December 1998 the appellant, inter alia, began neglecting his supervisory duties resulting in substandard work. The appellant allegedly quit the job in the fall of 2001. The petitioners claim to have incurred additional expenses of $150,000 to remedy the poor quality work. The appellant claimed to be owed $97,000 for work performed and, in August 2003, he submitted his claim to the architects for resolution. In June 2004 the appellant demanded arbitration of this claim, which the Supreme Court, in effect, permanently stayed.

Contrary to the conclusion of the Supreme Court, the appellant did make a bona fide attempt to comply with the requirements of paragraph 10.5. He submitted his claim to the architects for resolution in August 2003. However, for reasons that have not been established on the record, the architects took no action; the appellant contends that the petitioners discharged the architects. Thereafter, in June 2004 the appellant submitted an arbitration demand. The Supreme Court concluded that this demand was not submitted within a reasonable time after the parties' dispute arose. Given the sparse factual state of the record there was no basis to so conclude. In any event, in light of the all-encompassing language of the arbitration provision that all disputes be decided by arbitration, this issue of the timeliness of the appellant's arbitration demand was for the arbitrator to resolve (*Matter of Merritt Eng'g Consultants, P.C. v 55 Liberty Owners' Corp.*, 18 AD3d 210 [2005]; *Kidder, Peabody & Co. v Weiner*, 269 AD2d 119 [2000]; *Matter of Kidder, Peabody & Co. v Fisch*, 241 AD2d 522 [1997]; *Matter of Goldstein v Goldstein*, 214 AD2d 567 [1995]). Therefore, the court erred, in effect, in permanently staying the arbitration demanded by the appellant. Adams, J.P., S. Miller, Ritter and Rivera, JJ., concur.