■ HAMERSHLAG, KEMPNER & Co., L.P., Appellant, v CHARLES J. OESTRICH, Respondent. [651 NYS2d 489] —Judgment, Supreme Court, New York County (William McCooe, J.), entered May 3, 1996, which denied petitioner's motion to stay arbitration, made on the grounds that certain of respondent's claims are barred by the Statute of Limitations and that the

punitive damages claim is not arbitrable under New York law, unanimously affirmed, without costs.

Since the New York choice of law provision in the parties' arbitration agreement did not explicitly provide that the agreement "and its enforcement" would be governed by New York law, and did not otherwise expressly incorporate New York arbitration law, the question of timeliness of the claims was for the arbitrators, not the court (*see, Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193, 202, *cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith*, 516 US 811; *Goldberg v Parker*, 221 AD2d 267). Denial of the stay of respondent's punitive damages claim was likewise proper, since the parties' arbitration agreement did not unequivocally exclude such relief, nor did the general choice of law clause function to incorporate New York's "special rules limiting the authority of arbitrators" (*Mastrobuono v Shearson Lehman Hutton*, 514 US 52, 64; *Mulder v Donaldson, Lufkin & Jenrette*, 224 AD2d 125). Concur—Sullivan, J. P., Rosenberger, Rubin, Kupferman and Williams, JJ.