[774 NYS2d 32]

In the Matter of DIAMOND WATERPROOFING Co., INC., Respondent, v 55 LIBERTY OWNERS CORP., Appellant.

In the Matter of DIAMOND WATERPROOFING SYSTEMS, INC., Respondent, v 55 LIBERTY OWNERS CORP., Appellant.

First Department, March 23, 2004

APPEARANCES OF COUNSEL

*Ira L. Hyams*, Somers, for respondent.

*Anderson & Rottenberg, P.C.*, New York City (*Harry W. Lipman, Steven S. Anderson* and *Jason A. Stern* of counsel), for appellant.

**OPINION OF THE COURT**

LERNER, J.

On May 5, 1995, 55 Liberty Owners Corp. (Liberty), the owner of a historically registered landmark residential building,

entered into a contract with Diamond Waterproofing Systems (Diamond Systems) to repair and reconstruct its facade and roof. This contract, which was signed by Joseph Soehngen, the president of both Diamond Systems and Diamond Waterproofing Co., Inc. (Diamond Waterproofing), provided, inter alia, that any claim, controversy or breach was to be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. The parties also agreed that "[t]he contract shall be governed by the law of the place where the project is located (New York)."

By October of 1996, Diamond Systems fully completed its work at the project. In 2001, however, Liberty noticed cracking on its building's facades which was not present when the project was completed approximately five years earlier. Accordingly, on September 20, 2002, Liberty served a demand for arbitration, together with a statement of claim, but improperly named Diamond Waterproofing as the respondent.

Diamond Waterproofing subsequently sought a permanent stay of arbitration pursuant to CPLR 7503, contending that it was not a party to the subject contract and that the demand for arbitration failed to advise it that it had 20 days to object to the demand, as required by CPLR 7503 (c). The IAS court agreed and granted Diamond Waterproofing a permanent stay of arbitration. Subsequently, the IAS court denied Liberty's motion for leave to reargue and renew and adhered to its prior determination.

On the same day judgment was entered granting Diamond Waterproofing a permanent stay of arbitration, but before the motion to reargue and renew was brought, Liberty commenced a new arbitration proceeding which properly named Diamond Systems as the respondent. With the exception of naming the proper respondent, the statements of claim in each proceeding were virtually identical. In response, Diamond Systems petitioned for a permanent stay of arbitration on the ground that the demand for arbitration was barred by the six-year statute of limitations. Diamond Systems contended that since its work on the project was substantially completed on September 18, 1996 and fully completed on October 10, 1996, the February 10, 2003 demand for arbitration was untimely. Liberty cross-moved to dismiss the petition, contending, inter alia, that the issue of timeliness should be resolved by an arbitrator in accordance with the Federal Arbitration Act (FAA) since the project affected interstate commerce. Liberty also argued that the instant

demand should relate back to its initial timely demand served upon Diamond Waterproofing since Diamond Systems and Diamond Waterproofing were essentially the same entity, and thus, united in interest.

█ In granting the petition for a permanent stay and denying the cross motion, the IAS court found that Liberty's reliance on the FAA was misplaced since the parties did not agree to arbitrate pursuant to the FAA and since there was no substantial nexus between the project and interstate commerce. Furthermore, the IAS court rejected Liberty's claim that the instant demand related back to the time of the initial demand upon Diamond Waterproofing. In particular, the IAS court found that the initial demand was not validly served since it failed to advise respondent that it had 20 days to object to the demand as required by CPLR 7503 (c). The IAS court also found that the date of substantial completion of the project was September 18, 1996 and the original demand was served on September 20, 2002, thereby rendering it untimely by two days. We reverse.

It is well settled that the FAA applies to any and all contracts involving interstate commerce (*Allied-Bruce Terminix Cos., Inc. v Dobson*, 513 US 265 [1995]; *Matter of AYCO Co. [Walton]*, 3 AD3d 635 [2004]; *see* 9 USC § 1 *et seq.*). Further, it has been held that the term "involving commerce" should be broadly read as "the functional equivalent of 'affecting' " (*Allied-Bruce Terminix, supra* at 273-274). In the instant matter, I find no question that the FAA was applicable since the subject project "affected" interstate commerce. The record amply demonstrates that a significant portion of the supplies and equipment used at the project came from outside New York State: The stone used for the building's facade originated from New Jersey and the equipment utilized at the project came from Massachusetts, Oklahoma, Maryland and Kansas. Likewise, the engineer's drawings were generated by an Illinois-based company. It is noted that a historical preservation officer was required to be consulted since Liberty's building is a New York landmark listed with the United States National Register of Historic Places. In any event, I find that the IAS court applied an incorrect standard by finding there was not a "substantial nexus" between the project and interstate commerce.

Since the FAA is applicable to the present matter, the IAS court improperly determined the statute of limitations issue which is best reserved for the arbitrator to determine (*Matter of Cone Mills Corp. [August F. Nielsen Co.]*, 90 AD2d 31, 33 [1982],

*appeal withdrawn* 59 NY2d 763 [1983]). Indeed, since the subject contract's choice-of-law provision did not explicitly provide that the agreement and "its enforcement" would be governed by New York law, the question of timeliness was for the arbitrator, not the court (*Hamershlag, Kempner & Co. v Oestrich*, 234 AD2d 172, 173 [1996]).

█ Even if the issue of timeliness was for the court to determine, I would find that the proceeding was, in fact, timely commenced since Diamond Waterproofing and Diamond Systems are united in interest. It is undisputed that these companies were engaged in the same business, shared Joseph Soehngen as their respective president and utilized common office space. Furthermore, it is clear from documents leading up to the execution of the contract that Diamond Waterproofing and Diamond Systems held themselves out to Liberty interchangeably. For example, in his attempt to acquire the contract, Joseph Soehngen wrote to Liberty claiming that Diamond Waterproofing was fully capable of handling the project. Similarly, a draft contract for the project was submitted by Diamond Waterproofing on April 25, 1995 and Diamond Systems was only substituted as the contracting party just prior to the execution date of May 5, 1995.

Since the two companies are united in interest, the claim asserted against Diamond Systems in the second proceeding relates back to claims previously asserted against Diamond Waterproofing for statute of limitations purposes, thereby rendering it timely (*see Buran v Coupal*, 87 NY2d 173, 177 [1995]).

The IAS court improperly concluded that the relation back doctrine would not, in any event, validate the initial demand upon Diamond Waterproofing since it failed to contain the requisite 20-day notice provision pursuant to CPLR 7503 (c). Although it has been held that the failure to include such language is fatal (*Matter of Blamowski* [*Munson Transp.*], 91 NY2d 190, 195 [1997]), I find that *Blamowski* is distinguishable under the facts and circumstances herein. In *Blamowski*, the demand for arbitration failed to include the requisite notice provision and the respondent therein did not participate in the arbitration proceeding. The Court of Appeals held that the respondent could rely on the lack of a notice provision to vacate the resulting award on the ground that it was not served with notice within the meaning of CPLR 7511 (b). Here, although Diamond Waterproofing was served with a demand in September

2002 that lacked the required notice, Diamond Waterproofing still timely moved for a permanent stay of arbitration and was not prejudiced by the lack of notice. Indeed, the overriding purpose of such notice provision is to protect the respondent in the event the respondent wishes to challenge the demand for arbitration (*Matter of New Hampshire Indem. Co. v Vranica*, 294 AD2d 287 [2002]; *see also Matter of Allstate Ins. Co. v White*, 267 AD2d 382 [1999]).

Moreover, even were the timeliness of the service upon Diamond Systems to be considered independently by the Court, I would find that, contrary to Diamond Systems' contention that the date of substantial completion of its work at the project was September 18, 1996, thus rendering the initial proceeding two days late, a careful review of the record fails to demonstrate conclusively that the substantial completion date was, in fact, September 18, 1996. The record reveals a profusion of documents with conflicting dates of substantial completion. Diamond Systems' own petition seeking a stay denominates August 16, 1996 as the date of substantial completion. Likewise, the change work orders reveal that the date was routinely being forwarded, including an order stating that the new date of substantial completion is "10/8/96." Lastly, the letter of the project engineer to Liberty's attorney stating that substantial completion was achieved on September 18, 1996 is of no probative value since there is no certification from the engineer that such date was accurate. In light of such conflicting documentary evidence, the IAS court erred in determining, as a matter of law, the issue of timeliness.

Petitioner's remaining contentions have been considered and found to be unavailing.

Accordingly, the judgment of the Supreme Court, New York County (Robert Lippmann, J.), entered July 31, 2003, which granted petitioner Diamond Systems' application for a permanent stay of arbitration on the ground that the demand to arbitrate was time-barred and denied respondent Liberty's cross motion to dismiss the petition, should be reversed, on the law, with costs, petitioner's application denied, the cross motion granted and the petition dismissed. Appeal from the judgment of the Supreme Court, New York County (Leland DeGrasse, J.), entered February 10, 2003, which granted Diamond Waterproofing's petition for a permanent stay of arbitration and which denied Liberty's cross motion to dismiss the petition, should be dismissed, without costs, as academic. Similarly, the appeal from

the order of the same court and Justice, entered April 4, 2003, which, to the extent appealable, denied Liberty's motion for leave to reargue and renew, should also be dismissed, without costs, as academic.

ELLERIN, J.P., WILLIAMS and MARLOW, JJ., concur.

Judgment, Supreme Court, New York County, entered July 31, 2003, reversed, on the law, with costs, petitioner's application denied, the cross motion granted and the petition dismissed. Appeals from judgment, same court, entered February 10, 2003, and order, same court, entered April 4, 2003, dismissed, without costs, as academic.