[826 NE2d 802, 793 NYS2d 831]

In the Matter of DIAMOND WATERPROOFING SYSTEMS, INC., Appellant, v 55 LIBERTY OWNERS CORP., Respondent.

Argued February 8, 2005; decided March 24, 2005

248

POINTS OF COUNSEL

*Ira L. Hyams, P.C.,* Somers (*Ira L. Hyams* of counsel), for appellant. I. The Federal Arbitration Act does not govern the dispute involved in this proceeding. (*Allied-Bruce Terminix Cos., Inc. v Dobson,* 513 US 265; *Citizens Bank v Alafabco, Inc.,* 539 US 52.) II. Even if the Federal Arbitration Act applies, the statute of limitations issue is to be determined by the Court. (*Matter of Smith Barney, Harris Upham & Co. v Luckie,* 85 NY2d 193, *cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 516 US 811; *Matter of Smith Barney Shearson v Sacharow,* 91 NY2d 39; *John Hancock Life Ins. Co. v Wilson,* 254 F3d 48; *Bensadoun v Jobe-Riat,* 316 F3d 171.) III. 55 Liberty Owners Corp.'s arbitration was commenced after the expiration of the statute of limitations. (*Video Corp. of Am. v Flatto Assoc.,* 58 NY2d 1026; *Phillips Constr. Co. v City of New York,* 61 NY2d 949; *State of New York v Lundin,* 60 NY2d 987; *Cabrini Med. Ctr. v Desina,* 64 NY2d 1059; *Inner City Drywall Corp. v Reliance Ins. Co. of N.Y.,* 263 AD2d 438.) IV. The demand for arbitration served on Diamond Waterproofing Systems, Inc. on February 10, 2003 does not relate back to the demand for

arbitration served on Diamond Waterproofing Co., Inc. on September 20, 2002. (*Mondello v New York Blood Ctr.—Greater N.Y. Blood Program,* 80 NY2d 219; *Valmon v 4 M & M Corp.,* 291 AD2d 343, 98 NY2d 611; *Mercer v 203 E. 72nd St. Corp.,* 300 AD2d 105; *Achtziger v Fuji Copian Corp.,* 299 AD2d 946; *Goldman v City of New York,* 287 AD2d 689; *Wilson v City of Buffalo,* 298 AD2d 994; *Connell v Hayden,* 83 AD2d 30; *Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135; *First Capital Asset Mgt. v N.A. Partners,* 300 AD2d 112; *Aetna Elec. Distrib. Co. v Homestead Elec.,* 279 AD2d 541.) V. If the Court directs the arbitration to proceed, the Court should limit the arbitration to those items that were not finished at the time of substantial completion. (*Bensadoun v Jobe-Riat,* 316 F3d 171; *Merrill Lynch, Pierce, Fenner & Smith v Barchman,* 916 F Supp 845.) VI. The Appellate Division committed prejudicial error when it issued prejudicial dicta making it impossible for Diamond Waterproofing Systems, Inc. to obtain a fair hearing from the arbitrator on the statute of limitations issue. (*Chance v Guaranty Trust Co. of N.Y.,* 164 Misc 346, 251 App Div 855.)

*Anderson & Ochs, LLP,* New York City (*Steven S. Anderson* and *Jason A. Stern* of counsel), for respondent. I. The Appellate Division properly held that the Federal Arbitration Act is applicable, and that, as such, all timeliness issues are reserved for arbitration. (*Allied-Bruce Terminix Cos., Inc. v Dobson,* 513 US 265; *Howsam v Dean Witter Reynolds, Inc.,* 537 US 79; *Matter of Rederi [Dow Chem. Co.],* 25 NY2d 576, 398 US 939; *Matter of Smith Barney Shearson v Sacharow,* 91 NY2d 39; *Hamershlag, Kempner & Co. v Oestrich,* 234 AD2d 172; *Citizens Bank v Alafabco, Inc.,* 539 US 52; *Perry v Thomas,* 482 US 483; *Southland Corp. v Keating,* 465 US 1; *Matter of Ayco Co. [Walton],* 3 AD3d 635; *Sears Roebuck & Co. v Glenwal Co.,* 325 F Supp 86, 442 F2d 1350.) II. The Appellate Division properly found that— even if the statute of limitations issue was one for the courts— the proceeding below should not have been dismissed as untimely commenced. (*Buran v Coupal,* 87 NY2d 173; *Schiavone v Victory Mem. Hosp.,* 300 AD2d 294; *Austin v Interfaith Med. Ctr.,* 264 AD2d 702; *Schiavone v Fortune,* 477 US 21; *Brock v Bua,* 83 AD2d 61; *Mercer v 203 E. 72nd St. Corp.,* 300 AD2d 105; *Valmon v 4 M & M Corp.,* 291 AD2d 343; *Achtziger v Fuji Copian Corp.,* 299 AD2d 946; *Mondello v New York Blood Ctr.— Greater N.Y. Blood Program,* 80 NY2d 219; *Goldman v City of New York,* 287 AD2d 689.)

**OPINION OF THE COURT**

CIPARICK, J.

On this appeal, the issues presented are whether the Federal Arbitration Act (9 USC § 1 *et seq.* [FAA]) governs the parties' contract dispute and, if so, whether the question as to the timeliness of the subject arbitration demand is an issue for the arbitrator or the courts. We conclude that the FAA is applicable here as the contract had an effect on interstate commerce. We further conclude that the timeliness question and all other related questions are for the arbitrator to determine because the contract's choice of law provision does not provide that New York law shall govern the enforcement of the parties' agreement.

I.

Petitioner Diamond Waterproofing Systems, Inc. (Diamond Systems) is a corporation primarily engaged in the business of waterproofing, masonry and related trades. Respondent 55 Liberty Owners Corp. is a cooperative that owns a nationally landmarked residential building located in Manhattan. On May 5, 1995, these parties entered into a contract pursuant to which Diamond Systems would repair and reconstruct the entire facade and roof of Liberty's building. Under the contract, they agreed to submit "[a]ny controversy or Claim arising out of or related to the Contract" for arbitration. The contract further provided that "[it] shall be governed by the law of the place where the Project is located."

By October 1996, Diamond Systems had finished its work on the project. However, following the World Trade Center attacks of September 11, 2001, an engineering inspection of the building revealed cracks on the facade that were not present when the project was completed. Consequently, on September 20, 2002, Liberty served a demand for arbitration on nonparty Diamond Waterproofing Company, Inc. (Diamond Company) for breach of contract and negligence.* The statement of claim sought damages "in an amount currently unknown but equal to . . . the cost of restoring and repairing the facade and underlying supports of the Building." In response, Diamond Company sought to permanently stay arbitration pursuant to CPLR 7503,

---

* Diamond Company and Diamond Systems are separate corporations. However, both corporations engage in the same trade, share a business address, telephone and fax numbers and are supervised by the same president and chief executive officer, Joseph Soehngen.

contending that it was not a party to the subject contract and that the demand failed to advise that it had 20 days to make an objection. Supreme Court granted the stay, and subsequently denied Liberty's motion for leave to reargue and renew Diamond Company's application.

On February 10, 2003, Liberty commenced a new arbitration proceeding naming Diamond Systems as the proper respondent. Diamond Systems then petitioned for a permanent stay on the ground that the demand for arbitration was barred pursuant to the six-year statute of limitations set forth in CPLR 213 (2). Diamond Systems contended that because its work on the project was substantially completed on September 18, 1996 and fully completed by October 10, 1996, the February 2003 demand for arbitration was untimely. Liberty cross-moved to dismiss the petition, arguing that the FAA governed this action and that the issue of timeliness was for the arbitrator to determine. Liberty further argued that its demand against Diamond Systems was timely under the relation-back doctrine.

Supreme Court granted Diamond Systems' petition and denied the cross motion. The court reasoned that Liberty's reliance on the FAA was misplaced as the parties did not agree to arbitrate and no substantial nexus existed between the project and interstate commerce for purposes of applying the FAA. The Appellate Division reversed, denied Diamond Systems' petition for a permanent stay of arbitration, granted Liberty's cross motion and dismissed the petition. The Court held that the FAA is applicable to this dispute "since the subject project 'affected' interstate commerce" (6 AD3d 101, 104 [2004]), and that Supreme Court erred in employing the substantial nexus test to hold otherwise. The Court concluded therefore that under the FAA the timeliness issue was one for the arbitrator, not the courts. We granted Diamond Systems' motion for leave to appeal, and now affirm.

## II.

Diamond Systems and Liberty first dispute whether a sufficient nexus with interstate commerce exists to establish FAA coverage of their contract. The courts below were split as to what test should be employed, Supreme Court applying the more stringent substantial effect on interstate commerce standard and the Appellate Division applying the more generous "affects" test. In determining which standard controls, we turn to the language of the Act and United States Supreme Court cases interpreting the statute.

The FAA provides that a written arbitration provision in "a contract evidencing a transaction *involving commerce* . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract" (9 USC § 2 [emphasis added]). The Supreme Court has interpreted the words "involving commerce" as the functional equivalent of the phrase "affecting commerce," which ordinarily signals Congress' intent to exercise its Commerce Clause powers to the fullest extent (*see Allied-Bruce Terminix Cos., Inc. v Dobson*, 513 US 265, 273-274 [1995]). Thus, where a contract containing an arbitration provision "affects" interstate commerce, disputes arising thereunder are subject to the FAA. To be sure that the FAA is applicable to those transactions that have an effect on interstate commerce, the Supreme Court has recently reaffirmed the validity of *Allied-Bruce* (*see Citizens Bank v Alafabco, Inc.*, 539 US 52, 53 [2003]; *see also Wien & Malkin, LLP v Helmsley-Spear, Inc.*, 300 AD2d 32, 33 [1st Dept 2002], *lv denied* 99 NY2d 511 [2003], *revd and remanded* 540 US 801, 801 [2003]).

We conclude that the project here affected interstate commerce, triggering application of the FAA. Numerous out-of-state entities were involved in the transaction. The project manual and the engineer's drawings were created in a joint effort with a structural engineering firm headquartered in Illinois. Diamond Systems' largest supplier of materials for the project, MJM Studios, Inc., was a New Jersey company, and project meetings and visits were often scheduled at MJM's offices. The largest supplier of equipment for the project, Dunlop Equipment, Inc., was a Massachusetts company. Further, various additional materials, equipment and services for the project were obtained from Oklahoma, Maryland and Kansas.

We turn next to the question whether the timeliness of the arbitration demand should be resolved by the arbitrators or the courts. The "presumption is that the arbitrator should decide 'allegation[s] of waiver, delay, or a like defense to arbitrability' " (*see Howsam v Dean Witter Reynolds, Inc.*, 537 US 79, 84 [2002], quoting *Moses H. Cone Mem. Hosp. v Mercury Constr. Corp.*, 460 US 1, 25 [1983]). Questions concerning " 'whether prerequisites such as *time limits*, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are [generally] for the arbitrators to decide' " (*id.* at 85 [citation omitted]).

However, in recognition of the FAA policy that private arbitration agreements be enforced according to their terms (*see Dean*

*Witter Reynolds, Inc. v Byrd*, 470 US 213, 219 [1985]), an exception to this rule exists where parties explicitly agree to leave timeliness issues to the court (*see Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193, 201 [1995], *cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 516 US 811 [1995]; *see also Howsam*, 537 US at 85). Contracting "parties are at liberty to include a choice of law provision in their agreement" expressing an intention to have the courts determine statute of limitations issues (*see Luckie*, 85 NY2d at 201; *see also Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 47-49 [1997]).

It is well settled that where "parties broadly agree[ ] to arbitrate 'any controversy' " arising from their contracts, they may—as with any contract—add qualifications to that clause by providing that New York law will govern the agreement and its enforcement (*Luckie*, 85 NY2d at 202). A choice of law provision, which states that New York law shall govern both "the agreement *and its enforcement*," adopts as "binding New York's rule that threshold Statute of Limitations questions are for the courts" (*id.*). In the absence of more critical language concerning enforcement, however, all controversies, including issues of timeliness, are subjects for arbitration (*see id.*).

■ Here, Diamond Systems and Liberty agreed to submit "[a]ny controversy or Claim arising out of or related to the Contract" for arbitration. Their choice of law provision provides only that "[t]he Contract shall be governed by the law of the place where the Project is located." The parties did not express an intent to have New York law govern their agreement's enforcement. Therefore, the timeliness issue should be determined by the arbitrator.

In light of our conclusion, the remaining issues—whether the demand for arbitration served on Diamond Systems should relate back to the timely demand on Diamond Company for purposes of timeliness (*see e.g. Buran v Coupal*, 87 NY2d 173 [1995]) and, if so, whether the initial demand is invalid for failure to comply with the requirements of CPLR 7503 (c)—are also reserved for the arbitrator. They are intertwined and dispositive of the statute of limitations issue and thus beyond our reach.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, with costs.