■ In the Matter of MERRITT ENGINEERING CONSULTANTS, P.C., Appellant, v 55 LIBERTY OWNERS' CORP., Respondent. [794 NYS2d 340]—

Judgment, Supreme Court, New York County (Marcy Friedman, J.), entered on or about April 7, 2004, which dismissed the petition to stay arbitration and directed the parties to proceed to arbitration, unanimously affirmed, with costs.

As the Court of Appeals recently held in a related action, the instant construction project, involving extensive repair to the roof and facade of respondent's building, and the subject of the parties' Project Consultants Agreement, affected interstate commerce, thus invoking the Federal Arbitration Act (*see* 9 USC § 1 *et seq.; and see Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp.,* 4 NY3d 247, 252 [2005]; *see also Citizens Bank v Alafabco, Inc.,* 539 US 52 [2003]). Petitioner prepared a project manual and drawings in conjunction with the Illinois engineering firm of Wiss, Janney, Elstner Associates. Petitioner was required to attend meetings out of state, and a significant portion of the supplies and equipment came from outside New York (*see id.*).

The timeliness of respondent's claims is for determination by the arbitrators, not the court, given the parties' decision to submit to arbitration all claims and disputes arising out of or relating to the agreement, and that the choice-of-law clause

therein does not expressly provide that the agreement and its enforcement would be governed by New York law (*Diamond Waterproofing Sys., supra* at 252-253; *Hamershlag, Kempner & Co. v Oestrich*, 234 AD2d 172 [1996]). Concur—Mazzarelli, J.P., Saxe, Marlow, Gonzalez and Sweeny, JJ.