OPINION OF THE COURT
Herman Cahn, J.
*776 Motion sequence Nos. 002 and 003 are consolidated for disposition.
Petitioner moves to confirm a National Association of Securities Dealers (NASD) arbitration award (9 USC § 9 [Federal Arbitration Act (FAA)]; CPLR 7510). Respondent moves to dismiss for lack of personal jurisdiction (CPLR 3211 [a] [8]).
Petitioner, a customer of respondent securities broker dealer, commenced arbitration before the NASD against respondent, and its principals, in May 2003, alleging that they churned his account and failed to supervise it.* After a hearing, the NASD arbitration panel, on April 28, 2005, awarded petitioner $380,000, plus fees and costs, against respondent, and dismissed the claims against the principals.
Petitioner commenced this special proceeding to confirm the award in July 2005. The affirmation of service indicates that service of the notice of petition and petition was made by mail upon respondent’s attorney, purportedly, “pursuant to Title 9 of the United States Code, section 9.” Respondent moves to dismiss on the basis of CPLR 403 (c), which requires service of initiatory papers in special proceedings to be made “in the same manner as a summons in an action.”
The parties do not dispute that the arbitration was held pursuant to the FAA (9 USC § 1 et seq.). Written arbitration agreements bearing a sufficient nexus to interstate commerce are covered by the FAA (e.g., Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp., 4 NY3d 247 [2005]).
The judgment to be entered upon the award may be entered by this court. The issue raised in this proceeding is whether, in a proceeding governed by the FAA and brought in a state court, the rules set forth in the CPLR relating to the commencement of a special proceeding control, or whether the rules set forth in the FAA control.
Substantive federal law governs issues concerning the construction and enforceability of the parties’ arbitration agreement, preempting state law on those matters (Fletcher v Kidder, Peabody & Co., 81 NY2d 623 [1993], cert denied 510 US 993 [1993]). However, absent a clear federal mandate to the contrary, the state’s procedural rules, which govern the commencement of a civil proceeding, control. Thus, this court’s jurisdiction over respondent may only be invoked through *777 implementation of the service of process provisions of CPLR article 4, governing special proceedings. Thereunder, the party seeking confirmation of an arbitration award must initiate a special proceeding for confirmation in accord with CPLR article 4 (CPLR 403 [c] [“A notice of petition shall be served in the same manner as a summons in an action”]; 7502 [a] [“A special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action”]). Mail service on respondent’s attorney is insufficient for this purpose (CPLR 308). Since petitioner did not adhere to those rules, the court has not obtained jurisdiction over the respondent herein.
Consequently, respondent’s motion to dismiss for lack of service of process is granted, and the petition is dismissed without prejudice.

 A copy of the arbitration award is attached to the notice of petition. The parties do not submit a copy of the agreement to arbitrate.