■ KYTEL INTERNATIONAL GROUP, INC., Respondent, v TOTAL-TEL CARRIER SERVICES, Also Known as COVISTA CARRIER SERVICES, et al., Appellants. [802 NYS2d 36]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered November 12, 2004, which, in an action for breach of contract, upon reargument, insofar as appealed from as limited by the briefs, adhered to a prior order, same court and Justice, entered June 10, 2004, granting defendants' motion to dismiss the complaint as barred by the statute of limitations or, in the alternative, to compel arbitration, to the extent of compelling arbitration, unanimously modified, on the law, to vacate both the denial of the branch of the motion seeking to dismiss the action and the granting of the branch seeking to compel arbitration, and the matter remanded to Supreme Court for a determination as to whether the action is barred by the statute of limitations, with instructions that it compel arbitration only in the event it decides that the action is not barred by the statute of limitations, and otherwise affirmed, without costs. Appeal from the order of June 10, 2004, unanimously dismissed, without costs, as superseded by the appeal from the order of November 12, 2004.

Defendants moved to dismiss the action as barred by the statute of limitations, and only in the alternative sought to stay the action on the ground that the dispute is arbitrable. The court granted the alternative relief sought, after noting that plaintiff's opposition agreed that the dispute is arbitrable, and declined to decide the limitations issue on the ground that such is for the arbitrator. This was error. That plaintiff's opposition to the motion agreed that the dispute should be arbitrated rather than litigated did not warrant that plaintiff's summons and complaint in effect be deemed a demand for arbitration, or that defendants' motion to dismiss the action pursuant to CPLR 3211 (a) (5) in effect be deemed an application pursuant to CPLR 7502 (b) and 7503 (b) to stay an arbitration as barred by the statute of limitations. In any event, since the parties' contract, which involves interstate commerce, provides that it is to be enforced as well as construed in accordance with New York law, any threshold statute of limitations question is for the court (see Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp., 4 NY3d 247, 252-253 [2005]). Concur—Mazzarelli, J.P., Saxe, Sweeny, Catterson and Malone, JJ.