11-3068
Krantz & Berman LLP v. Dalal

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand twelve.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

Krantz & Berman LLP,

> *Plaintiff-Appellee,*

-v.-                                                    No. 11-3068

Sandeep Dalal,

> *Defendant-Appellant.*

---

FOR APPELLANT:          Sandeep Dalal, *pro se*, Houston, TX.

FOR APPELLEE:           Larry H. Krantz, Krantz & Berman LLP, New York, NY.

Appeal from the United States District Court for the Southern District of

New York (Denise L. Cote, *Judge*).

ON CONSIDERATION WHEREOF, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant-Appellant Sandeep Dalal, *pro se*, appeals from an order compelling arbitration, an order denying Dalal's motion to reconsider that decision, and a partial judgment confirming the final arbitration award. The underlying dispute concerns compensation that Dalal has been found to owe Plaintiff-Appellee Krantz & Berman LLP ("K&B") for legal services that K&B provided him pursuant to a retainer agreement that contained an enforceable arbitration provision. We assume the parties' familiarity with the underlying facts, procedural history, and the arguments raised on appeal, which we reference only as necessary to explain our decision.

We review *de novo* a district court's order compelling arbitration. *Chelsea Square Textiles, Inc. v. Bombay Dyeing & Mfg. Co.*, 189 F.3d 289, 295 (2d Cir. 1999). When, after entering such an order, a district court confirms an arbitration award, we review any legal challenges *de novo* and any factual challenges for clear error. *See 187 Concourse Assocs. v. Fishman*, 399 F.3d 524, 526 (2d Cir. 2005) (per curiam).

A. The order compelling arbitration

In support of his assertion that the district court erred in granting K&B's

motion to compel arbitration,[1] Dalal offers a variety of arguments, none of which are meritorious. First, he contends that the court should have considered whether K&B had waived its right to arbitrate by failing to request such relief in its complaint. The court in fact explicitly considered Dalal's waiver argument and correctly rejected it on the ground that Dalal had not suffered any resulting prejudice. *See Thyssen, Inc. v. Calypso Shipping Corp.*, 310 F.3d 102, 105 (2d Cir. 2002) (per curiam) ("The key to a waiver analysis is prejudice."). Indeed, when K&B filed its motion to compel arbitration in January 2010, less than three months had elapsed from commencement of the litigation, and no discovery or initial pretrial conference had yet occurred, *see id.*, and, moreover, Dalal himself had earlier claimed that arbitration was required.

Second, Dalal contends that the nexus between the parties' retainer agreement and interstate commerce is insufficient to make enforceable, under the Federal Arbitration Act ("FAA"), the arbitration provision included in their agreement. *See* 9 U.S.C. § 2. But the record reflects that, pursuant to the retainer agreement, K&B (a New York law firm) provided services to Dalal (then a resident of Washington, D.C.) related to litigation involving a New Jersey corporation. We need go no further. *See generally Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (per curiam) (concluding that the term "involving commerce" in the FAA signifies the "broadest permissible exercise of Congress' Commerce Clause power").

---

[1] Dalal's contention that the district court *sua sponte* compelled arbitration is belied by the record. K&B moved to compel arbitration on January 29, 2010, and the court granted that motion on May 11, 2010.

Third, Dalal asserts that K&B failed to effect adequate service of process on him. But K&B submitted affidavits to the district court that Dalal failed effectively to rebut. They reflect entirely satisfactory service of the summons and the complaint on Dalal at his home in Texas.

Finally, Dalal maintains that the district court, not the arbitrator, should have adjudicated the merits of his statute of limitations defense. We disagree. As the district court properly concluded, under the retainer agreement's arbitration clause, the timeliness of K&B's claims was "for the arbitrator to determine." *Diamond Waterproofing Sys., Inc., v. 55 Liberty Owners Corp.*, 4 N.Y.3d 247, 250 (2005); *see also Martens v. Thomann*, 273 F.3d 159, 179 n.14 (2d Cir. 2001).

For the foregoing reasons, we affirm the district court's order compelling arbitration and its order denying Dalal's motion for reconsideration of that decision.

B. <u>The order confirming the arbitration award</u>

Dalal also challenges the district court's confirmation of the arbitration award entered in K&B's favor. "It is well established that courts must grant an arbitration panel's decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). A party seeking to vacate an arbitration award therefore bears a "heavy burden." *Id.* Having considered Dalal's arguments regarding the arbitration award and the district court's confirmation order, we conclude that he has failed to carry that burden. We affirm the district court's partial judgment confirming the arbitration award for substantially those reasons set forth by the district court in its thorough opinion.

4

We have considered Dalal's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk