OPINION OF THE COURT
Victor J. Aefieri, Jr., J.
In this action alleging, inter alia, breach of contract, defendants move for an order staying the within action and compelling plaintiff to submit to arbitration in Cuyahoga County, Ohio in accordance with the subcontract.
By way of background, plaintiff, an electrical contracting company, entered into a written subcontract agreement with defendant, Fortney & Weygandt, Inc. (F & W), on or about May 14, 2014 whereby plaintiff agreed to furnish all labor and material necessary to complete the electrical scope of work on the project for the construction of a new CVS Pharmacy at property located at 330 Route 204, Bardonia, New York for a lump sum of $163,750. After work commenced, there were delays in the project and F & W sought to change the project schedule. A dispute arose between plaintiff and F & W regarding the revised work schedule. Ultimately, F & W terminated the subcontract and refused to permit plaintiff to complete the work.
Plaintiff filed a mechanic’s lien with the Rockland County Clerk on September 19, 2014 in the amount of $11,357.50 and commenced the instant action by the filing of a summons and complaint on October 1, 2014 alleging causes of action for breach of contract and foreclosure of the lien. This motion is made on a pre-answer basis.
On or about October 3, 2014, F & W filed a demand for arbitration with the American Arbitration Association requesting Cuyahoga County, Ohio as the location for the arbitration pursuant to paragraph 12 of the subcontract which states in relevant part, “Any arbitration proceeding brought pursuant to this Work Order must be brought in Cuyahoga County, Ohio, any hearing shall take place in Cuyahoga County, Ohio, and any decision by the arbitrator shall be final and binding and *1145 shall be enforceable pursuant to Ohio Revised Code Chapter 2711.”
Pursuant to General Business Law § 757 (1),
“[a] provision ... in ... a construction contract, with the exception of a contract with a material supplier, that makes the contract subject to the laws of another state or that requires any litigation, arbitration or other dispute resolution proceeding arising from the contract to be conducted in another state” “shall be void and unenforceable” (emphasis added).
There is no dispute in this case that plaintiff is a subcontractor and not merely a material supplier. Accordingly, the provision in the parties’ agreement which locates the forum for disputes arising from the agreement in Cuyahoga County, Ohio and states that it shall be enforceable pursuant to Ohio Revised Code Annotated chapter 2711 is void and unenforceable pursuant to General Business Law § 757.
Defendant attempts to argue the Federal Arbitration Act (FAA) operates to preempt General Business Law § 757 because there were numerous out-of-state entities involved in the transaction, citing many cases including Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp. (4 NY3d 247 [2005]) and Allied-Bruce Terminix Cos. v Dobson (513 US 265 [1995]). Unlike the transactions in those cases, the plaintiff in this case is a local company, performed all of its work in New York and obtained most of the materials from local suppliers. Although defendant points out that the suppliers have offices in other locations, they are all present in New York. Further, all of the meetings concerning the project were held at the project site. Defendant’s argument that performance of the project occurred across state lines is unsubstantiated.
The basic purpose of FAA (9 USC) § 2 is for the majority of claims to be arbitrated rather than litigated in the courts. The agreement clearly provides for arbitration for any claim rising out of the agreement. This court finds the facts in this case to be very similar to those in King C Ironwork, Inc. v Burdg, Dunham & Assoc. (2014 NY Slip Op 31181[U] [Sup Ct, NY County 2014]) in which the Honorable Cynthia S. Kern, J.S.C. in New York County found the arbitration provision in the parties’ agreement to be valid except for the forum selection and choice of law provisions. The court cited Brady v Williams Capital Group, L.P. (64 AD3d 127 [1st Dept 2009]) in *1146 determining that the appropriate remedy is to sever the improper provision of the arbitration agreement and proceed with arbitration in New York rather than in another state.
It is hereby ordered that the parties are directed to go forward with an arbitration in New York which shall be governed by New York law; and it is further ordered that the arbitration scheduled to take place in Cuyahoga County, Ohio is hereby permanently stayed and enjoined; and it is further ordered that James J. Mullen shall not be a party to the arbitration as there is no evidence indicating that Mr. Mullen executed the agreement in his individual capacity; and it is further ordered that the instant lien foreclosure action is hereby stayed pending the outcome of the New York arbitration.