Matter of Mahn v Major, Lindsey, & Africa, LLC (2018 NY Slip Op 01888)





Matter of Mahn v Major, Lindsey, & Africa, LLC


2018 NY Slip Op 01888


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Friedman, J.P., Richter, Mazzarelli, Kapnick, Gesmer, JJ.


6050N 653048/14 155645/14

[*1] In re Sharon Mahn, Petitioner-Appellant,
v
Major, Lindsey, and Africa, LLC, Respondent-Respondent.


Finkelstein Filler LLP, Staten Island (Edward R. Finkelstein of counsel), for appellant.
Littler Mendelson P.C., New York (David S. Warner of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Manual J. Mendez, J.), entered June 19, 2015, inter alia, denying the petition to vacate the arbitration award in respondent's favor, and granting respondent's motion to confirm the award, unanimously affirmed, without costs.
The matter involved interstate commerce, and was thus governed by the terms of the Federal Arbitration Act (FAA) (9 USC §§ 2 & 10; Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp., 4 NY3d 247, 252 [2005]), not the standard set forth in CPLR 7511(b). Nevertheless, since the requirements for vacatur of an arbitration award are nearly identical under the FAA and CPLR 7511, the result remains the same and the award was properly confirmed (see Hall St. Assoc., L.L.C. v Mattel, Inc., 552 US 576, 589 n 7 [2008]). That the agreement to arbitrate between the parties provided for a different standard of review than that set forth in the FAA does not warrant a different result (see id. at 586-587).
The arbitrator did not exceed her power in finding that petitioner was a faithless servant (see Lamdin v Broadway Surface Adv. Corp., 272 NY 133, 138 [1936]; Visual Arts Found., Inc. v Egnasko, 91 AD3d 578, 579 [1st Dept 2012]). Nor was the award itself, which included disgorgement of petitioner's past salary and commissions, violative of public policy (see Soam Corp. v Trane Co., 202 AD2d 162 [1st Dept 1994], lv denied 83 NY2d 758 [1994]), or punitive in nature (see Matter of Blumenthal [Kingsford], 32 AD3d 767 [1st Dept 2006], lv denied 7 NY3d 718 [2006]). There is also no evidence the arbitrator's findings should be vacated based upon conflicts or bias (see Kolel Beth Yechiel Mechil of Tartikov, Inc. v YLL Irrevocable Trust, 729 F3d 99, 105-106 [2d Cir 2013]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK