21-1798-cv
*Empire Asset Management v. Best*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-two.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
            SUSAN L. CARNEY,
                        *Circuit Judges.*

---

EMPIRE ASSET MANAGEMENT COMPANY,

                *Plaintiff-Appellant,*                          21-1798-cv

                v.

JOSEPH BEST,

                *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | BARRY BORDETSKY, Law Offices of Barry M. Bordetsky, Morristown, NJ. |
| **FOR DEFENDANT-APPELLEE:** | JONATHAN E. NEUMAN, Law Offices of Jonathan E. Neuman, Esq., Fresh Meadows, NY. |

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED.**

In 2013, Joseph Best ("Best") entered into a contract (the "Contract") with Empire Asset Management Company ("Empire") under which Empire provided Best with brokerage services. The Contract included an arbitration clause (the "Arbitration Clause") stating that "controversies arising under or relating to any activity or this agreement . . . shall be determined by arbitration and in accordance with the rules of the Financial Industry Regulatory Authority, Inc. ('FINRA') before an arbitration panel appointed by FINRA in accordance with its rules . . . ." Joint App'x 87 (capitalization omitted). In April 2021, Best initiated arbitration proceedings against Empire with FINRA, alleging that Empire had wrongfully caused him more than $2.8 million in losses. Empire filed a petition in New York State Supreme Court seeking to stay the FINRA proceedings and have them dismissed on the ground that they were time-barred by a statute of limitations. Best removed the action to the District Court on the basis of diversity jurisdiction and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motion, and Empire appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

The dispositive issue on appeal, as below, is whether Empire's statute of limitations defense is arbitrable. Best argues that it is, relying, *inter alia*, on the Contract's Arbitration Clause. Empire argues that it is not, relying, *inter alia*, on the Contract's choice of law clause and a clause concerning the arbitrability of requests for temporary or provisional relief.

"The arbitrability of [a] statute of limitations defense is a question of law that we review de novo," and "any ambiguity in the contract must be resolved in favor of arbitration." *Bechtel do Brasil Construcoes Ltda. v. UEG Araucaria Ltda.*, 638 F.3d 150, 154 (2d Cir. 2011); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983) ("[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.").

We agree with the District Court's conclusion that Empire's statute of limitations defense is committed to arbitration by the Arbitration Clause. That clause provides that "controversies arising under or relating to *any activity or this agreement* . . . shall be determined by arbitration." Joint App'x 87 (emphasis added). The wording of the clause is "inclusive, categorical, unconditional and unlimited," and is "elastic enough to encompass disputes over whether a claim is timely." *Bechtel*, 638 F.3d at 155 (quoting *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir. 1996)).

Empire's primary counterargument is based on the choice of law clause in the Contract, which provides that "any claim, controversy or dispute arising under or related to . . . the interpretation and enforcement of the rights and duties of the parties will be governed by the laws of the State of New York." Joint App'x 86 (capitalization omitted). Empire argues that according to New York law, "[a] choice of law provision, which states that New York law shall govern both 'the agreement *and its enforcement*,' adopts as 'binding New York's rule that threshold Statute of Limitations questions are for the courts.'" *Diamond Waterproofing Sys., Inc. v. 55 Liberty Owners Corp.*, 4 N.Y.3d 247, 253 (2005) (quoting *Smith Barney, Harris Upham & Co. v. Luckie*, 85 N.Y.2d 193, 202 (1995)). This argument is conclusively foreclosed by our holdings in *Bybyk* and *Bechtel*, under *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63–64 (1995). *See Bechtel*, 638 F.3d at 155–56.

We also reject Empire's argument that its petition requesting dismissal of Best's proceeding before FINRA on the basis of a statute of limitations is a request for "temporary" or "provisional" relief governed by Section 23(b) of the Contract. Joint App'x 87; *see* N.Y.C.P.L.R. § 7502 (distinguishing the assertion of a statute of limitation "as a bar to [an] arbitration" under subsection (b), from the application to a court "for an order of attachment or for a preliminary injunction in connection with an arbitration," as provisional remedies under subsection (c)). Even if we did not, we would at most consider Section 23(b) of the Contract to be in conflict with the Arbitration Clause under Section 23(a), and would resolve that conflict in favor of arbitration under our precedents. *See Bechtel*, 638 F.3d at 158; *Bybyk*, 81 F.3d at 1199–1200.

## CONCLUSION

We have reviewed all of the arguments raised by Empire on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 28, 2021 order and June 29, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3