**Judlau Contr., Inc. v Five Star Elec. Corp.**

2024 NY Slip Op 34013(U)

November 12, 2024

Supreme Court, New York County

Docket Number: Index No. 653445/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**      PART      **11M**

*Justice*

-------------------------------------------------------------------------X

JUDLAU CONTRACTING, INC.

           Plaintiff,

     - v -

FIVE STAR ELECTRIC CORP.,

           Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653445/2024 |
| MOTION DATE | 07/08/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69

were read on this motion to/for            STAY           .

     Petitioner Judlau Contracting, Inc.'s ("Judlau") moves, pursuant to Article 75, for an order to permanently stay arbitration. Respondents, Five Star Electric Corp. ("Five Star"), oppose the motion, asking the Court to deny the Petition in its entirety. Upon the foregoing documents and following oral argument, for the reasons indicated below, Petitioner's motion to stay arbitration is denied.[1]

Background

     This matter relates to a construction project for the New York Metropolitan Transportation Authority Capital Construction ("MTACC") for the rehabilitation of the Cortlandt Street Subway Station (the "Project"). Petitioner Judlau had subcontracted Respondent Five Star to work on electrical and related scope of work for the construction project on Cortlandt Street (the "Subcontract").

---

[1] The Court would like to thank Zachary Hoffman and Hailee Stangeby for their assistance in this matter.

**653445/2024 JUDLAU CONTRACTING, INC. vs. FIVE STAR ELECTRIC CORP.**      **Page 1 of 5**
Motion No. 001

1 of 5

The Project is said to have experienced significant delays throughout construction, followed by periods of accelerated work. Five Star asserted that, pursuant to the Subcontract, it was entitled to retainage upon its receipt of final payment from Judlau, that Judlau had an obligation to timely submit Five Star's claims for damages to the MTACC and "take all commercially reasonable steps to obtain" such damages from the MTACC. *See also* NYSCEF DOC. NO. 67. Additionally, Five Star alleged that Judlau itself is liable to Five Star for increased costs for labor and material escalation or for project specific supervision and other project specific overhead caused by delays to the Project. *See* NYSCEF DOC. NO. 04; *see also* NYSCEF DOC. NO. 67. In July 2020, Five Star filed a demand for arbitration for breach of contract for nonpayment and failure to pass through and negotiate extra work, extended costs, and associated impact claims relating to the Project. *See* NYSCEF DOC. NO. 67. Five Star filed a second AAA arbitration demand against Judlau, seeking recovery of final payment allegedly owed to Five Star by Judlau. *See id.*

Within the Subcontract was an arbitration provision which stated, "[a]ny controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof." *See* NYSCEF DOC. NO. 04. Judlau argues that Five Star's failure to timely assert its claim is barred by both a statutory bar and express conditions precedent to arbitration. Petitioner moves in accordance with Article 75 for an order to stay the arbitration, arguing that only courts may determine if there was compliance with conditions precedent to arbitration, specifically that the court must resolve threshold questions regarding access to the arbitral forum. *See* NYSCEF DOC. NO. 68. Additionally, Judlau argues

**653445/2024   JUDLAU CONTRACTING, INC. vs. FIVE STAR ELECTRIC CORP.**          **Page 2 of 5**
**Motion No.  001**

2 of 5

that Five Star's claim undisputedly centers on MTA-ordered changes, and therefore is outside of the scope of the Subcontract. Defendant moves to dismiss the petition in its entirety, arguing determining compliance with conditions precedent is a question within exclusive jurisdiction of the arbitrator.

Discussion

A petition to permanently stay arbitration brought pursuant to Section 7503 of the CPLR, states that "a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration, may apply to stay arbitration on the grounds that a valid agreement was not made or has not been complied with." *See* NY CPLR § 7503(b).

"The courts play the gatekeeping role of deciding certain threshold issues before compelling or staying arbitration." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v Benjamin*, 1 AD3d 39, 43 [1st Dept 2003]. Moreover, "the threshold issue of whether the parties have agreed to arbitrate or otherwise are bound to arbitrate, is a matter for the courts to decide." *Southgate Owners Corp. v KNS Bldg. Restoration Inc.*, N.Y. Slip Op. 32683(U), *2 (Sup. Ct. N.Y. Cnty. [2022]). The First Department has held that the "party seeking a stay of arbitration has the burden of showing sufficient facts to establish justification for the stay." *AIU Ins. Co. v Cabreja*, 301 AD2d 448 [1st Dept 2003].

In the present case, Petitioner has not met the burden in showing sufficient facts to establish a justification to stay the arbitration. Within the Subcontract the parties consented to the arbitration clause that reads, "[a]ny controversy or claim arising out of or relating to this contract… shall be settled by arbitration administered by the American Arbitration Association…" NYSCEF DOC. NO. 04. Petitioner argues that the threshold questions of conditions precedent and timely assertion of the claim are for the Court to decide, and that

**653445/2024   JUDLAU CONTRACTING, INC. vs. FIVE STAR ELECTRIC CORP.**          **Page 3 of 5**
**Motion No.  001**

[* 3]                                   3 of 5

questions of arbitrability are reserved for the courts. Further, Petitioner argues the broad arbitration clause of the Subcontract does not "clearly and unmistakably" show intent to have an arbitrator decide the issue of arbitrability and therefore a Court must decide. *ALP, Inc. v Moskowitz*, 204 AD3d 454, 456 (2022). However, the express language of the arbitration provision within the Subcontract prevents this Court from determining these threshold questions. As the Respondent cites in their Memorandum of Law, "[i]n the absence of more critical language concerning enforcement…all controversies, including issues of timeliness, are subjects for arbitration." *Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp.*, 4 N.Y.3d 247, 253 (2005); *see also* NYSCEF DOC. NO. 67. While the arbitration provision does acknowledge the choice of law being New York State, the provision fails to "add qualifications to that clause by providing that New York law will govern the agreement and its *enforcement.*" *See Diamond Waterproofing Sys., Inc.,* 4 N.Y.3d at 253 (emphasis in original). Without the critical language that would indicate the parties within the Subcontract wished for a Court to decide on the condition precedents in this case, the clear language of the arbitration provision suggests that threshold questions like the one in this case will fall under the jurisdiction of the arbitrator, especially when the provision explicitly states the arbitrator would address "*[a]ny* controversy or claim arising out of or relating to this contract…" NYSCEF DOC. NO. 04 (emphasis added).

Finally, Petitioner Judlau argues this controversy arises out of its relationship with MTA and not Respondent. However, Respondent Five Star has no contract with MTA and Five Star receives are reliant on MTA's payments to Petitioner, pursuant to the provisions within the Subcontract. Therefore, the claims here are not outside the scope to the Subcontract and are subject to the arbitration provision.

**653445/2024   JUDLAU CONTRACTING, INC. vs. FIVE STAR ELECTRIC CORP.**
**Motion No.  001**

Page 4 of 5

4 of 5

For the foregoing reasons, it is hereby

ADJUDGED that the petition of JUDLAU CONTRACTING, INC. seeking a permanent

stay in the arbitration is denied.

20241112093258LFRANK8D15DFC3097C42F4BC91CE8A5F9F94AF

| **11/12/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**653445/2024   JUDLAU CONTRACTING, INC. vs. FIVE STAR ELECTRIC CORP.**
**Motion No.  001**

Page 5 of 5

5 of 5