[973 NE2d 730, 950 NYS2d 320]

N.J.R. Associates, a New York Limited Partnership, Appellant,
v Nicole Tausend, a Limited Partner of N.J.R. Associates,
Respondent.

Argued May 29, 2012; decided June 27, 2012

## POINTS OF COUNSEL

*Wilk Auslander LLP*, New York City (*Alan D. Zuckerbrod* and *Eric B. LaMons* of counsel), for appellant. I. The First Department's decision violates CPLR 7502 (b) and related case law which provides that any statute of limitations defense to arbitral claims is to be determined by the courts, not the arbitrators. (*Morfopoulos v Lundquist*, 191 AD2d 197; *Matter of Carranza v Prinz*, 240 AD2d 405; *Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193; *Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1; *Matter of Volpe v Volpe*, 16 AD3d 1176; *Matter of County of Nassau v Civil Serv. Empls. Assn., Inc.*, 14 AD3d 509; *Marillo v Shearson Hayden Stone*, 159 AD2d 1012; *Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669; *Matter of Avondale Mills [Majestic Carpet Mills, Div. of Celotex Corp.]*, 60 AD2d 542; *Matter of Schwarzler v Garage Empls. Union Local No. 272, I.B.T.*, 52 AD2d 545.) II. Appellant's counterclaims sounding in fraud are barred by collateral estoppel and the statute of limitations. (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659; *Matter of Neville v Martin*, 38 AD3d 386; *Da Silva v Musso*, 76 NY2d 436; *Roslyn Union Free School Dist. v Barkan*, 16 NY3d 643; *Fava v Kaufman*, 124 AD2d 42; *Vastola v Maer*, 39 NY2d 1019.)

*Ingram Yuzek Gainen Carroll & Bertolotti, LLP*, New York

City (*John G. Nicolich* of counsel), for respondent. I. Nicole Tausend seeks to void the N.J.R. Associates (NJR) partnership agreement because Ronald Tausend fraudulently induced Nicole to become a partner of NJR. (*AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 11 NY3d 146; *Sergeants Benevolent Assn. Annuity Fund v Renck*, 19 AD3d 107; *Wiener v Lazard Freres & Co.*, 241 AD2d 114; *Meinhard v Salmon*, 249 NY 458; *Birnbaum v Birnbaum*, 73 NY2d 461; *Riviera Congress Assoc. v Yassky*, 18 NY2d 540; *Tobias v First City Natl. Bank & Trust Co.*, 709 F Supp 1266; *R. C. Gluck & Co. v Tankel*, 12 AD2d 339, 24 Misc 2d 841; *Fraw Realty Co. v Natanson*, 261 NY 396; *Wood v Rabe*, 96 NY 414.) II. The Appellate Division properly ruled that N.J.R. Associates may not seek to stay arbitration of Nicole Tausend's counterclaims based on the statute of limitations. (*Morfopoulos v Lundquist*, 191 AD2d 197; *Long Is./Conn. Limousine Group v Airlimo Express*, 231 AD2d 610; *Allied-Bruce Terminix Cos. v Dobson*, 513 US 265; *Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp.*, 4 NY3d 247; *Matter of Lester Schwab Katz & Dwyer v Yukevich*, 167 Misc 2d 1004; *Masthead MAC Drilling Corp. v Fleck*, 549 F Supp 854; *New Castle County v United States Fire Ins. Co.*, 728 F Supp 318; *Matter of Laszlo N. Tauber & Assoc. I v American Mgt. Assn.*, 304 AD2d 413; *Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193; *Matter of Edward D. Jones & Co. v American Stock Exch., LLC*, 22 AD3d 319.) III. Nicole Tausend's counterclaims are not barred by collateral estoppel. (*Merrill Lynch, Pierce, Fenner & Smith v Benjamin*, 1 AD3d 39; *Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530; *John Hancock Mut. Life Ins. Co. v Olick*, 151 F3d 132; *Miller v Runyon*, 77 F3d 189; *Sherrill v Grayco Bldrs.*, 64 NY2d 261; *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65; *Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195; *Gelb v Royal Globe Ins. Co.*, 798 F2d 38; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659; *Buechel v Bain*, 97 NY2d 295.) IV. Nicole Tausend's counterclaims are not barred by the statute of limitations. (*Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669; *Greene v Greene*, 56 NY2d 86; *Transport Workers Union of Am. Local 100 AFL-CIO v Schwartz*, 17 AD3d 218; *Westchester Religious Inst. v Kamerman*, 262 AD2d 131; *Matter of Barabash*, 31 NY2d 76; *St. John's Univ., N.Y. v Bolton*, 757 F Supp 2d 144; *Golden Pac. Bancorp v Federal Deposit Ins. Corp.*, 273 F3d 509; *Erbe v Lincoln Rochester Trust Co.*, 3 NY2d 321; *Trepuk v Frank*, 44 NY2d 723; *Saphir Intl., SA v UBS PaineWebber Inc.*, 25 AD3d 315.)

**OPINION OF THE COURT**

GRAFFEO, J.

We are asked in this case to determine what is the appropriate forum to resolve a statute of limitations challenge to counterclaims interposed in an arbitration proceeding—the arbitrator or a court. Based on the particular facts presented, we hold that the timeliness question is to be decided by the arbitrator.

I

Ronald Tausend and his two children, Nicole and Jeffrey Tausend, were the beneficiaries of a trust that was established by Ronald's mother. Ronald was entitled to most of the trust's income during his lifetime, with the balance of income reserved for his children. Nicole and Jeffrey were to begin receiving principal at the age of 25 and, upon their father's death, the remaining principal would be distributed to them.

The trust owned two New York City buildings referred to as the "East End properties." In 1985, when Nicole was 19 years old, her father formed the N.J.R. Associates partnership (NJR) for the purpose of acquiring the East End properties. Ronald held a 60% stake in the partnership; Nicole and Jeffrey each received a 20% share. The partnership agreement included an arbitration clause as well as a New York choice of law provision.

The bank that served as trustee obtained an appraisal valuing the two properties at $1.8 million. However, that figure did not include the value of air rights because the appraiser believed that they had no intrinsic worth.[1] NJR subsequently purchased the properties from the trust for $1.9 million. Later that day, NJR sold the air rights for one of the buildings for $1.75 million. Approximately two decades later, NJR sold its remaining interest in that property for $10.25 million. The partnership also converted the other building into a condominium and sold a number of units.

During this time period, Nicole received monetary distributions from both the trust and NJR. NJR also provided her with the use of an apartment in one of the East End buildings. In 2005, Ronald surrendered his interest in the trust and the remaining principal was distributed to Nicole and Jeffrey.

Three years later, Nicole's financial advisor asked NJR for information pertaining to the sale of the East End property but

---

1. An air right is the ability "to use all or a portion of the airspace above real property" for future development (Black's Law Dictionary 82 [9th ed]).

Ronald allegedly spurned that request. Nicole hired a law firm to represent her interests and its overtures were similarly rejected.

Nicole then commenced a CPLR article 78 proceeding against NJR and her father in order to obtain access to partnership documents and an accounting of its finances. In response, NJR issued a demand for arbitration, causing Nicole to file a petition to stay arbitration. Supreme Court denied the stay and ordered the parties to arbitration, and the Appellate Division affirmed (67 AD3d 441 [1st Dept 2009]).

Nicole appeared in the arbitration and asserted several counterclaims, which lead to NJR's commencement of this court proceeding seeking to stay arbitration of the counterclaims on the basis of the expiration of the statute of limitations. Nicole moved to dismiss the proceeding, asserting that the timeliness challenge should be raised before the arbitrator. Supreme Court granted the petition and stayed arbitration of the counterclaims (2010 NY Slip Op 32936[U] [2010]). The Appellate Division modified by dismissing NJR's petition to stay arbitration of the counterclaims, reasoning that CPLR 7503 (b) precluded the partnership from obtaining a stay because it had initiated and participated in the arbitration (83 AD3d 596 [1st Dept 2011]).

We granted leave to appeal (17 NY3d 848 [2011]) and now affirm.

## II

NJR maintains that it is not prohibited from requesting that arbitration of the counterclaims be stayed under CPLR 7503 because its decision to arbitrate did not waive its right to challenge the timeliness of the counterclaims in court. Nicole contends that the initiator of arbitration is statutorily barred from requesting judicial review of a counterclaim and must instead submit all matters to the arbitrator. Nicole alternatively argues that the language of the choice of law clause in the partnership agreement was insufficient to invoke the New York rule that a statutory timeliness issue may be subject to judicial determination and that an arbitrator is therefore required under federal law.

The Federal Arbitration Act (9 USC § 1 *et seq.* [FAA]) applies to any arbitration provision in a contract that affects interstate commerce (*see Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp.*, 4 NY3d 247, 252 [2005]). Under the federal act, resolution of a statute of limitations defense is

presumptively reserved to the arbitrator, not a court (see id.). New York law, in contrast, allows a threshold issue of timeliness to be asserted in court (see CPLR 7502 [b]; 7503 [a]). A contract may be governed by the FAA yet subject to the New York rule if the agreement between the parties so provides. We have explained that a contract specifying that "New York law shall govern both 'the agreement *and its enforcement*[ ]'' adopts" the New York rule that threshold statute of limitations issues are resolved by the courts and not arbitrators (*Diamond Waterproofing*, 4 NY3d at 253, quoting *Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193, 202 [1995], *cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 516 US 811 [1995]).

It is unnecessary for us to decide whether the contract at issue is subject to the FAA or New York law because under either analysis, the proper forum is arbitration. Assuming that the partnership agreement affects interstate commerce and is governed by the FAA, this document does not include the critical "enforcement" language identified in *Diamond Waterproofing*—it states that "This Agreement shall be governed by, and construed in accordance with, the laws and decisions of the State of New York." Since the agreement fails to unequivocally invoke the New York standard, the timeliness question must be resolved by an arbitrator under FAA principles.

The outcome is the same under New York law. A statute of limitations defense may be raised in state court by "a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration" (CPLR 7503 [b]; *see also* CPLR 7502 [b]). In light of the procedural history of this case, CPLR 7503 (b) prevents NJR from asking a court to dismiss Nicole's counterclaims due to expiration of the statute of limitations. NJR not only initiated arbitration, it also successfully defended against Nicole's petition to stay arbitration in court, received an application to compel arbitration in connection with Nicole's counterclaims and sought a court order to prevent the counterclaims from being considered by the arbitrator. In our view, this was enough to constitute "participation" within the meaning of CPLR 7503 (b). It is also inconsistent for NJR to assert that Nicole's counterclaims are not arbitrable—a party cannot compel arbitration of its own causes of action, prevent its adversary from obtaining judicial relief and then ask a court to block the adversary's counterclaims from being arbitrated by raising a statute of limitations defense (*see generally* Alexander, Practice Commentaries, McKinney's Cons

Laws of NY, Book 7B, CPLR 7503:2, at 456 [arbitration should proceed "(i)f there is at least one arbitrable issue" in a case]). Hence, since NJR initiated and participated in the arbitration of issues stemming from the dispute, its timeliness challenge to the counterclaims must be decided by an arbitrator.[2]

Accordingly, the order of the Appellate Division should be affirmed, with costs.

SMITH, J. (concurring). Unlike the majority, I find it necessary to decide whether the contract at issue here is governed by the Federal Arbitration Act (FAA) or by New York law. I conclude that the FAA governs, and that the result the majority reaches is therefore correct.

I

I agree with the majority that, for the reasons it explains, under federal law the statute of limitations issue is for the arbitrator. But under state law, "statutory time limitations questions . . . are for the courts, not the arbitrators" (*Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193, 202 [1995] [emphasis omitted]). CPLR 7502 (b) says:

> "If, at the time that a demand for arbitration was made or a notice of intention to arbitrate was served, the claim sought to be arbitrated would have been barred by limitation of time had it been asserted in a court of the state, a party may assert the limitation as a bar to the arbitration on an application to the court as provided in section 7503 . . . ."

CPLR 7503 (b) permits "a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration" to apply for a stay of arbitration "on the ground . . . that the claim sought to be arbitrated is barred by limitation." The majority holds that NJR may not proceed under this statute because it "participated in the arbitration." I do not agree.

It is true, of course, that NJR participated in, and indeed initiated, its own arbitration against Nicole Tausend. It did not, however, participate in the arbitration of Nicole's counterclaims. On the contrary, it made a timely application to prevent those claims from being arbitrated. I see no reason why a party against whom an arbitration counterclaim is brought should be denied the right to seek relief in court that it would have if the

---

2. NJR's remaining contentions are meritless.

counterclaim were an independent arbitration proceeding. Thus, NJR should not be held to have "participated in the arbitration" within the meaning of CPLR 7503 (b).

The majority says that

"NJR not only initiated arbitration, it also successfully defended against Nicole's petition to stay arbitration in court, received an application to compel arbitration in connection with Nicole's counterclaims and sought a court order to prevent the counterclaims from being considered by the arbitrator" (majority op at 602).

But if NJR's initiation of the arbitration is not enough—as it should not be—to deprive it of the right to assert in court its statute of limitations defense to the counterclaims, the other activities mentioned by the majority should not change the result. Any party that initiates an arbitration can be expected, if necessary, to defend against a petition to stay; and to say that NJR received an application to compel* and sought a court order to prevent the counterclaims from being considered is to say only that arbitration counterclaims were brought against it, and that it went to court to assert that these claims were barred by limitation of time. Nor is NJR guilty of inconsistency, as the majority asserts. The majority says that a party "cannot compel arbitration of its own causes of action . . . and then ask a court to block the adversary's counterclaims from being arbitrated by raising a statute of limitations defense" (*id.*). But why not, if the party's own claims are not time-barred and its adversary's are?

## II

Thus for me, this case turns on whether the governing rule is supplied by the FAA or by New York law. The FAA governs if the contract containing the arbitration clause—the NJR partnership agreement—is "a contract evidencing a transaction involving commerce" within the meaning of FAA § 2 (9 USC § 2), where "commerce" means (as relevant here) "commerce among the several States or with foreign nations" (9 USC § 1). In light of the broad reading that the United States Supreme

---

* Strictly speaking, the majority is incorrect to say that NJR "received an application" by Nicole "to compel arbitration" of the counterclaims. Nicole moved only to dismiss NJR's petition for a stay. If she had made a motion to compel arbitration, the court would have been required by CPLR 7503 (a) to decide whether her claims were time-barred.

Court has given to these terms, it is clear to me that the FAA applies to this contract.

In *Allied-Bruce Terminix Cos. v Dobson* (513 US 265, 268 [1995]), the Supreme Court held that section 2 of the FAA should be read "broadly, extending the Act's reach to the limits of Congress' Commerce Clause power." The words "involving commerce" were held to have the same meaning as "affecting commerce"; "the word 'involving,' like 'affecting,' signals an intent to exercise Congress' Commerce power to the full" (*id.* at 277). The Court also concluded that the statutory word "evidencing" means "only that the transaction (that the contract 'evidences') must turn out, *in fact*, to have involved interstate commerce" (*id.*). In short, the FAA applies here unless the transaction reflected by the partnership agreement, as that transaction was in fact implemented, is beyond Congress's power to regulate under the Commerce Clause.

Whatever might be said about the power of Congress to require the purchase of health insurance or broccoli, I see no basis under the current state of the law for an argument that the transaction in this case was beyond Congress's reach. Indeed, the transaction, as it has turned out, is both an interstate and international one: The record shows that the three partners of NJR—Ronald, Nicole and Jeffrey Tausend—are residents of New York, Italy and California respectively. The purpose of the transaction was to acquire Manhattan residential properties for $1.9 million. The properties were acquired, and the transaction was financed by Bankers Trust Company. It is unimaginable that, under modern precedents, such a transaction could be found to have no effect on interstate or foreign commerce (*see Wickard v Filburn*, 317 US 111 [1942]; *Gonzales v Raich*, 545 US 1 [2005]; *Allied-Bruce*, 513 US at 282; *Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp.*, 4 NY3d 247, 252-253 [2005]).

Because this is an FAA transaction, the majority is correct in deciding that the statute of limitations question must be decided in arbitration. The majority's discussion of New York law is not only mistaken, but also unnecessary.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur with Judge GRAFFEO; Judge SMITH concurs in a separate opinion.

Order affirmed, with costs.