Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered April 22, 2013, which denied the petition to stay arbitration, and granted the cross motion to dismiss the proceeding, unanimously reversed, on the law, with costs, and the matter remanded for a determination as to *481 whether matters described in the petition as relating to Thorpe Insulation and/or J.T. Thorpe asbestos-related claims are time-barred.
The issue before us is whether the timeliness of a demand for arbitration is a matter to be determined by the court or the arbitrator. Based on the parties’ agreement and the applicable law, we hold that the timeliness question is to be determined by the court. It is not disputed that the Federal Arbitration Act (9 USC § 1 et seq. [FAA]) is controlling. Under the FAA, the “resolution of a statute of limitations defense is presumptively reserved to the arbitrator, not a court” (N.J.R. Assoc. v Tausend, 19 NY3d 597, 601-602 [2012]). “[A]n exception to this rule exists where parties explicitly agree to leave timeliness issues to the court” (Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp., 4 NY3d 247, 253 [2005]). This is in keeping with the FAA policy by which private arbitration agreements are to be enforced according to their terms (id. at 252). Unlike the FAA, New York law “allows a threshold issue of timeliness to be asserted in court” even absent an agreement to do so (see N.J.R. Assoc., 19 NY3d at 602; see also CPLR 7502 [b]; 7503 [a]).
The arbitration clause of the agreement before us provides that “the arbitration laws of New York State” shall govern the parties’ arbitration. In Matter of Smith Barney, Harris Upham & Co. v Luckie (85 NY2d 193 [1995], cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith, Inc., 516 US 811 [1995]), the Court held that a choice of law provision which states that New York law shall govern both “the agreement and its enforcement” incorporated New York’s rule that threshold statute of limitations questions are for the courts (id. at 202). In Diamond Waterproofing, the Court held that an agreement that merely provided that it “shall be governed by the law of [New York]” did not express an intent to have New York law govern enforcement (4 NY3d at 253). The Court reasoned that “[i]n the absence of more critical language concerning enforcement ... all controversies, including issues of timeliness, are subjects for arbitration” (id.).
The question arises as to whether the specific incorporation of “the arbitration laws of New York State” in the instant arbitration clause itself constitutes the needed “more critical language concerning enforcement” within the contemplation of Diamond Waterproofing. We hold that it does and, under the agreement, the arbitration laws of New York State include article 75 of the CPLR. We, therefore, reject respondent’s argument that the choice of law provision is ambiguous. By way of *482 example, in a case where the FAA controlled the construction of an identical choice of law contractual provision, the court observed: “It is hard to imagine what the parties intended when they agreed that the ‘arbitration law of New York State shall govern such arbitration’ if they did not intend to have the CPLR apply to petitions to review arbitration awards” (Harper Ins. Ltd. v Century Indem. Co., 819 F Supp 2d 270, 274 [SD NY 2011]). Our conclusion finds support in Volt Information Sciences, Inc. v Board of Trustees of Leland Stanford Junior Univ. (489 US 468 [1989]) in which the Court held that where “parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goals of the FAA, even if the result is that arbitration is stayed where the Act would otherwise permit it to go forward” (id. at 479). Accordingly, the court erred in finding that the agreement does not contain critical language regarding enforcement.
Concur — Sweeny, J.P., Andrias, Moskowitz, DeGrasse and Gische, JJ.