Strongbow Consulting Group LLC v PricewaterhouseCoopers LLP (2021 NY Slip Op 03929)





Strongbow Consulting Group LLC v PricewaterhouseCoopers LLP


2021 NY Slip Op 03929


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, JJ. 


Index No. 651218/20 Appeal No. 14097 Case No. 2020-03835 

[*1]Strongbow Consulting Group LLC, Plaintiff-Appellant,
v
PricewaterhouseCoopers LLP, Defendant-Respondent.


Capuder Fazio Giacoia LLP, New York (Douglas Capuder of counsel), for appellant.
Venable LLP, New York (Lawrence H. Cooke II of counsel), for respondent.



Order, Supreme Court, New York County (Joel Cohen, J.), entered on or about August 18, 2020, which, inter alia, granted defendant's motion to stay the action and refer all claims to arbitration and denied plaintiff's cross motion for expedited discovery and a jury trial, unanimously affirmed, without costs.
Where, as here, the parties have a broad arbitration clause and the rules under which they agree to arbitrate provide for the arbitrator to decide arbitrability, those issues are not for the court (Zachariou v Manios, 68 AD3d 539 [1st Dept 2009]). The court's role in such a case is solely to ascertain that a valid agreement to arbitrate has been reached, applying contract law principles (see Chelsea Sq. Textiles, Inc. v Bombay Dyeing & Mfg. Co., 189 F3d 289, 295—296 [2d Cir 1999]). Plaintiff's contentions all go to the scope of the arbitration clause, not its existence or validity. Thus, the matter was properly sent to arbitration, and the action stayed.
Plaintiff also complained that defendant offered a 2018 nondisclosure agreement for the first time in reply. However, plaintiff did not object to the discussion or consideration of the agreement. Furthermore, given that defendant argued solely on the face of that agreement, the argument could have been raised for the first time, even on appeal (Chateau D' If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021