Ghatak v McKinsey & Co. (2025 NY Slip Op 04044)

Ghatak v McKinsey & Co.

2025 NY Slip Op 04044

Decided on July 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 03, 2025

Before: Kern, J.P., Kennedy, Kapnick, Scarpulla, O'Neill Levy, JJ. 

Index No. 153908/24|Appeal No. 4695|Case No. Case No. 2025-00569|

[*1]Arnab Ghatak, Plaintiff-Respondent,
v
McKinsey and Company et al., Defendants-Appellants.

Pryor Cashman LLP, New York, (Tom J. Farber of counsel), for appellants.
Kaiser Saurborn & Mair, P. C., New York (Daniel J. Kaiser of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about January 17, 2025, which, to the extent appealable, denied defendants' motion to dismiss certain of plaintiff's claims as time-barred and to stay the proceedings and compel arbitration of the remaining claim, unanimously reversed, on the law, without costs, the motion granted, the defamation and tortious interference claims dismissed as time-barred, and the action stayed pending arbitration of the remaining breach of fiduciary duty claim.
Plaintiff was an equity holder and senior partner at defendant McKinsey and Company, a global management consulting firm. Plaintiff's equity interest in McKinsey was terminated in 2021, after McKinsey investigated an email exchange between plaintiff and another McKinsey senior partner concerning destruction of Purdue Pharma documents held by McKinsey. Plaintiff commenced this action against defendants in 2024, asserting claims for defamation, breach of fiduciary duty, and "defamatory conduct"/tortious interference with prospective employment against defendant Bob Sternfels (global managing partner of McKinsey).
In his amended complaint, plaintiff asserted that defendants made two specific allegedly defamatory statements about him. First, on February 4, 2021, McKinsey released a statement about its settlement with state attorneys general in connection with its advisory work for opioid manufacturers. In that statement McKinsey noted that it "terminated the employment of two partners, who had communicated about document deletion, for violating the Firm's professional standards." Second, plaintiff alleges that on April 27, 2022, defendant Sternfels testified at a hearing before the House Committee on Oversight and Reform, "We have done a comprehensive analysis of the communications, and document retention and the policies associated with that are absolutely critical to us. It's why that [sic] the two colleagues that you made mention of were terminated as soon as we actually realized that they violated our Document Retention Policy."
Plaintiff's relationship with McKinsey is governed by an Amended and Restated Agreement Among Common Shareholders (Shareholders Agreement), which provides, among other things, that "[a]ny disagreement, claim or controversy between a Shareholder and [McKinsey] arising out of or relating to this Agreement, or the breach, termination or validity hereof, shall be settled and resolved exclusively through binding and final arbitration before JAMS in New York . . ." The Shareholders Agreement further provides that it is to be "construed and enforced in accordance with the laws of the State of New York, without regard to its laws governing conflicts of law."
Supreme Court erred in not dismissing plaintiff's time-barred defamation claims. Where, as here, the parties' agreement provides that New York law governs controversies concerning an agreement and its enforcement, threshold statute of limitation issues are for [*2]the court to decide (see N.J.R. Assoc. v Tausend, 19 NY3d 597, 602 [2012]). Plaintiff brought this action in 2024 and the two specific allegedly defamatory statements, which were made more than one year before the action was commenced, are plainly time-barred (see CPLR 215[3]).
Plaintiff argues that the allegedly defamatory statements were republished on McKinsey's website as recently as September 2023 and restated to the Wall Street Journal in April 2024. However, plaintiff's vague references to the alleged republication of the allegedly defamatory statements, while made within the one-year statute of limitations, were insufficiently pleaded to comply with CPLR 3016. Moreover, plaintiff failed to allege that the allegedly defamatory statements were actually restated, and therefore failed sufficiently to allege republication to retrigger the statute of limitations (see Stringer v Kim, 226 AD3d 607, 608 [1st Dept 2024] ["Republication, retriggering the period of limitations, occurs upon a separate aggregate publication from the original, on a different occasion, which is not merely a delayed circulation of the original edition"]; Biro v CondÉ Nast, 171 AD3d 463, 464 [1st Dept 2019] ["A reference to an article that does not restate the defamatory material is not a republication of the material"]).
Supreme Court also erred in not dismissing plaintiff's cause of action for tortious interference with prospective employment against Sternfels. In the tortious interference claim, plaintiff claimed that Sternfels "intentionally . . .interfered with Plaintiff's prospective employment . . ." by testifying, allegedly falsely, before the House Committee on Oversight and Reform. This cause of action is indistinguishable from plaintiff's defamation cause of action and therefore is also time-barred by the one-year statute of limitations (see Korn v Princz, 226 AD2d 278, 278-279 [1st Dept 1996]). Further, plaintiff failed to allege any "specific business relationship that has been harmed" (Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 48 [1st Dept 2009], lv dismissed in part, denied in part 14 NY3d 736 [2010]).
Lastly, Supreme Court erred in denying defendants' motion to compel arbitration of plaintiff's cause of action for breach of fiduciary duty. This cause of action, which alleges that defendants "[lied] about [plaintiff's] role in deleting emails and fail[ed] to provide him proper due process protections during its investigations," is reasonably related to the termination of his shareholders' agreement (see Matter of Helmsley Enters. [Lepercq, Deneuflize & Co., Inc.], 168 AD2d 224, 225-226 [1st Dept 1990]). Thus, pursuant to the Shareholders Agreement, this claim should proceed to arbitration (see Strongbow Consulting Group LLC v PricewaterhouseCoopers LLP, 195 AD3d 532, 532 [1st Dept 2021] ["Where, as here, the parties have a broad arbitration clause and the rules under which they agree to arbitrate provide for the arbitrator to decide arbitrability[*3], those issues are not for the court"], lv dismissed in part, denied in part 38 NY3d 997 [2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 3, 2025